LOTTINGER, Judge.
This is a suit filed by Mrs. Valiant J. Leach, as plaintiff, seeking to have the Court make executory a judgment rendered by a Court of the State of Kansas for child support. The defendant is Jack Donald Leach. The Lower Court held in favor of petitioner and against the defendant *27 and rendered a judgment in the sum of $240.00. A devolutive appeal was taken by petitioner in which she seeks more quantum.
The facts, as agreed on by counsel by both parties, show that on June IS, 1950, in the Circuit Court of Jackson County, Missouri, in a suit entitled “Valiant J. Leach, Plaintiff, versus Jack Donald Leach, Defendant,” a judgment of diyorce was granted between the parties. In said judgment, Jack Donald Leach was ordered to pay petitioner herein as support and maintenance of their minor child, Virginia Edna Leach, the sum of $7.00 per week.
On September 29, 1953, the Circuit Court of Jackson County, Missouri, at Kansas City, modified the said judgment so as to increase the child support to the sum of $20.00 per week. Some time thereafter the defendant, Jack Donald Leach, moved to Louisiana and fell in arrears in support payments.
On February 6, 1958, judgment was rendered in the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana, in which the above Missouri Judgments were recognized and validated and it was further ordered that the defendant, Jack Donald Leach, pay to the plaintiff, Valiant J. Leach, “the unsatisfied portion of $70.00, together with legal interest thereon from date of judicial demand on the original judgment and the unpaid and unsatisfied portion of the judgment as amended in the sum of $1,770.00, with legal interest thereon from date of judicial demand until paid.”
Following the signing of this latter judgment on February 14, 1948, Jack Donald Leach made child support payments in the amount of $80.00 per month until May 15, 1969, when the last check for $80.00 was made. On May 15, 1969, Jack Donald Leach notified petitioner by mail as follows : “Due to my daughter’s marriage this month and her 21st birthday the first week in June, this will be the final check.” Up to this time the $80.00 per month had been made for each and every month following the February 14, 1958 judgment.
It is uncontradicted that the defendant, Jack Donald Leach, intended the $80.00 per month payment to be current child support applicable to the $20.00 per week due for that month in which the $80.00 was made. Likewise, it is uncontradicted that the petitioner intended the $80.00 per month payment to be applied to the $20.00 per week child support only after first satisfying that part of the judgment setting alimony in arrears in the amount of $70.00 together with legal interest thereon and $1,770.00 together with legal interest thereon. Neither party gave notice to the other how he or she intended to impute the monthly payments of $80.00. Petitioner never acquiesced in nor forgave any arrears of the child support judgments. It is agreed that the child, Virginia Edna Leach, is no longer a minor, having reached the age of majority in June of 1969.
The defendant herein filed an exception of prescription as to that part of petitioner’s demand which is based on the February 14, 1958 judgment. The defendant further filed an exception of no right of action alleging that the judgment of February 14, 1958, was a judgment in favor of, or quasi in favor of, the child and that, therefore, the mother has no right of action herein.
Following trial, the Lower Court rendered judgment in favor of petitioner and against defendant in sum of $240.00, same being the difference between $80.00 per month, as paid by defendant, and $20.00 per week, as required by the judgment, for the last three years of said child’s minority.
The petitioner has taken a devolutive appeal seeking to increase the amount of the judgment. The defendant has answered the appeal, alleging that the Lower Court erred in denying his exception of no right of action and further alleging error on the part of the Lower Court in awarding petitioner judgment in the sum of $240.00.
*28 It is to be noted that the judgment of the Missouri Court in which the support payments were increased to the sum of $20.00 per week reads “ * * * that defendant pay to plaintiff as child support the sum of $20.00 per week * * *.” The plaintiff in that suit was the same as the petitioner herein.
Furthermore, in the judgment of the 19th Judicial District Court of the Parish of East Baton Rouge dated February 14, 1958, the payments were ordered to be made by the defendant to the petitioner, Valiant J. Leach. Of course, these payments were for the benefit or support of the then minor child, however, the payments were to be made to the petitioner herein and we certainly feel that she has an interest in bringing this suit, even conceding that the child is now of age. The judgments directed the defendant to pay to petitioner the money for the support of the minor child, and the mere fact that the minor child has now reached the age of majority would not deny its mother, who had the custody of the child, and who furnished her everyday needs, the right of now proceeding for the collection for delinquent alimony or support payments. We, therefore, feel that the Lower Court was correct in denying the peremptory exception of want of interest, or no right of action.
With regard to the exception of prescription, it is to be noted that the present proceeding was instituted by way of a rule to show cause wherein the petitioner alleged :
“Mover desires and is entitled to an order from this Honorable Court issuing a Rule Nisi, ordering the defendant Jack Donald Leach, to show cause on an hour and a day to be set by this Honorable Court why he should not be cast in judgment in the amount of $3,120.00 for child support due for the past 156 weeks.”
It is contended by the petitioner that the $80.00 monthly payments made by defendant to petitioner should have been credited first to the judgment which was rendered on February 14, 1958, and then to current support payments and that, therefore, no support payments have been made for the last three years prior to the child reaching the age of majority.
In support of this contention she cites Art. 2166 of the Louisiana Civil Code which provides:
“When the receipt bears no imputation, the payment must be imputed to the debt, which the debtor had at the time most interest in discharging, of those that are equally due; otherwise to the debt which has fallen due, though less burdensome than those which are not yet payable.
If the debts be of a like nature, the imputation is made to the debt which has been longest due; if all things are equal, it is made proportionally.”
The Lower Court held that the indebtedness which the defendant at the time had the most interest in discharging was the current alimony payments because his failure to make such payments would expose him to a citation for contempt of court and a possible jail sentence. It is unfortunate that neither of the parties hereto attempted to have an understanding with the other as to the imputation of the payments of $80.-00 per month, however, we feel that the Lower Court was correct in holding that the payments made should be applied on a current basis.
We believe that, in addition to the possibility of a contempt citation, the fact that the payments were made in equal amounts of $80.00 per month over such a long period of time would indicate that it was the intention of the defendant that these payments be applied to current alimony. This is so even though he was not strictly living up to the judgment which provided for payments of $20.00 per week instead of payments of $80.00 per month.
It is further contended by petitioner that the executory judgment rendered *29 on February 14, 1958, has not prescribed by virtue of the fact that the defendant made payments to petitioner during the intervening years which payments were actually an acknowledgment of the indebtedness. Now this judgment made past due support payments executory and it was, therefore, a final judgment and is to be treated as any other money judgment. Cotton v. Wright, 193 La. 520, 190 So. 665 (1939); Allen v. Allen, 136 So.2d 168 (La.App. 4th Cir. 1962).
Article 3547 of the Louisiana Civil Code provides that all money judgments are prescribed by the lapse of ten years from the signing of such judgments, if rendered by a Trial Court.
Article 2031 of the Code of Civil Procedure provides the methods of reviving a judgment prior to its prescription. Bailey v. Louisiana & N. W. R. Co. et al., 159 La. 576, 105 So. 626, held that the acknowledgment of an indebtedness evidenced by a judgment does not revive the judgment but merely interrupts prescription of the debt.
In Cassiere v. Cuban Coffee Mills, 225 La. 1003, 74 So.2d 193, the Court, in commenting on the Bailey case, said:
“Counsel for plaintiff maintain that the reasoning of the court in the Bailey case, that Article 2278 of the Code means that it is the debt evidenced by the judgment which may be acknowledged by the debtor so as to take it out of prescription and not the judgment itself, is unsound because it is well settled that the debt on which the judgment is founded no longer exists; that it is merged in the judgment and that res ad-judicata would foreclose any action based on such a debt.
There can be little doubt as to the validity of this criticism. It is the firmly established jurisprudence of this State that a debt, having been reduced to judgment, is merged therein and that it no longer exists as a distinct obligation, having acquired the status of the thing adjudged. Mackee v. Cairnes, 2 Mart.,N.S., 599; Abat v. Buisson, 9 La. 417; West Feliciana R. Co. v. Thornton, 12 La.Ann. 736; Citizens Bank of Louisiana v. Hancock, 35 La.Ann. 41 and Lalane v. Payne, supra [42 La.Ann. 152, 7 So. 481],
We find it hard to believe that the court overlooked the above stated principle of law in the Bailey case. Perhaps, in the resolution that it was only the debt evidenced by the judgment upon which prescription could be interrupted, the author of the opinion had in mind the legal effect of a written promise of the party cast to pay a judgment, whether given before or after prescription had accrued. Surely, such a promise is valid and enforceable but only because it creates a new obligation and not because it interrupts the prescription on the original debt which no longer existed when it was reduced to judgment.
But our acknowledgment that the court, in the Bailey case, was in error in its appraisal of the decision in Succession of Patrick and also in its interpretation of Article 2278 of the Code, does not necessarily mean that we regard the conclusion reached therein as incorrect or that the case should no longer be followed.
On the contrary, after a consideration of all of the jurisprudence on the subject and the various conflict of views that have been expressed, we are convinced that the rule announced in the Bailey case, that Article 3547 of the Code provides the only method by which the ten year prescription on a judgment may be prevented, is the better rule. Indeed, we think it the wiser policy to regard Article 3547 as sui generis and we attach no particular importance to the circumstance that, because it has been placed in that part of the LSA-Civil Code which deals with the liberative prescription, the articles pertaining to the interruption of prescription are, or should be, applicable.”
*30 Although the Lower Court was correct in deciding that the executory judgment had prescribed, we do not feel that this question was germane to the issues presented, as the pleadings filed herein by the petitioner only seeks to recover for child support due for the past 156 weeks, or three years. As the petitioner only alleges she is entitled to child support due for the past three years and, furthermore, as the $80.00 per month support payments made by defendant to petitioner were to be applied, as we have already decided, on a current basis, there is no question but that the Lower Court was correct in rendering a judgment in favor of petitioner in the sum of $240.00, which sum represents the difference between $20.00 per week and $80.00 per month for the last three years. We, therefore, find no error on the part of the Lower Court.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.
BLANCHE, J., recused.