308 So.2d 524 (1975)
Alma HARMON, Plaintiff-Appellee,
v.
Alfred E. HARMON, Defendant-Appellant.
No. 4895.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1975.
Rehearing Denied March 12, 1975.
*525 Edwards, Stefanski & Barousse by Homer E. Barousse, Jr., Crowley, for defendant-appellant.
Norwood, Marcy, Lyons, Crowley, for plaintiff-appellee.
Before FRUGÉ, CULPEPPER and DOMENGEAUX, JJ.
FRUGÉ, Judge.
This is a suit for payment of a loan made by the plaintiff, Alma Harmon, to her brother, Dr. Alfred E. Harmon. The defendant contends that the debt has prescribed and in the alternative that he is entitled to a set-off due to services rendered. The trial court granted judgment in favor of the plaintiff in the amount of $1,770. We amend and affirm.
It was stipulated by the parties that four loans totaling $2,300 were made by the plaintiff to the defendant between February 8, 1967, and February 7, 1968. It was further stipulated that payments totaling $250 were made by the defendant between May and October of 1972.
The record indicates that the loans were made by Alma Harmon to her brother while he was a senior in medical school and during the first year of his internship. There is no record of any payment or other activity concerning the loans prior to 1972. A phone call was made by plaintiff to defendant concerning the loans during which defendant agreed to begin making monthly payments of $50. Although the record does not conclusively establish when this call was made, it appears to have been made in 1972 since the monthly payments began in May of that year.
After the October 1972 payment the defendant discontinued the monthly payments apparently in response to a quarrel with his sister. In November of 1972 the defendant wrote a letter to his sister stating he would continue the payments if she would make apology to the girl friend of Doctor Harmon. The payments were never resumed and this suit was filed July 5, 1973.
The trial court rendered judgment in favor of the plaintiff in the amount of $1,770. The trial judge arrived at this figure by subtracting $250, for payments made, and $330, for services rendered Alma Harmon, from $2,350.
The main issue on appeal deals with prescription. Under Article 3538 of our Civil Code the action for payment on a loan prescribes in three years. The last loan made by the plaintiff was on April 7, 1968. Unless there was an interruption or suspension, this debt prescribed in 1971. There is no contention by the plaintiff that any interruption or suspension occurred during this three-year period.
We are therefore dealing with a renunciation of accrued prescription. Accrued *526 prescription can be renounced under our jurisprudence, but it has been held that
"A mere acknowledgment is not sufficient for the purpose, even if accompanied by payment on account of the debt. There must be a new promise to pay the debt in order to nullify an accrued prescription." Burdin v. Burdin, 171 La. 7, 129 So. 651, 655 (1930).
See also Torrey v. Simon-Torrey, Inc., 284 So.2d 130 (La.App. 3rd Cir. 1973), and cases cited therein.
Appellant contends that the trial court erred in overruling its exception of prescription in that he never renounced the prescription which had run in his favor by making a new promise to pay.
From the jurisprudence cited above it is clear that neither the partial payments made by the appellant nor his letter to his sister constituted a renunciation of prescription. Neither was accompanied by a new promise to pay the debt.
However, from the trial court's ruling we must infer that he held that a new promise to pay was made by the defendant during the telephone call made by plaintiff in 1972. The testimony concerning the call is disputed.
Alma Harmon testified that she called her brother to ask him to begin paying the loans and that she told him exactly how much he owed. According to her testimony her brother promised to begin paying $50 per month "until the amount was paid out, the money that he owed me."
Doctor Alfred Harmon admits that he promised to begin paying $50 a month to his sister but stated that the amount owed was not discussed. He denied any promise to pay until the amount of the debt was paid.
If the testimony of Alma Harmon is correct, there was a new promise to pay the debt by Dr. Harmon which would nullify the accrued prescription under the jurisprudence cited supra. If Dr. Harmon's testimony is correct, no new promise to pay the entire debt was made.
The trial court gave no written reasons for judgment. However, since neither the partial payments nor Dr. Harmon's letter constituted a renunciation of prescription, we must infer that the trial court accepted the testimony of Alma Harmon and found that there had been a promise to pay the whole debt by Dr. Harmon.
This finding is a finding of fact for which there is support in the record. We therefore find no manifest error in this holding and conclude that there was a renunciation of prescription by Dr. Harmon. Prescription began to run anew from the moment of renunciation, and since the suit was filed within three years of the renunciation prescription is no bar. We conclude that the trial court correctly overruled defendant's exception of liberative prescription.
The appellant also contends that Dr. Harmon paid for medical services rendered to their mother and that his sister agreed that she would pay half this total. He claims a set-off for this amount.
We can find no evidence in the record of any agreement by Alma Harmon to pay for her mother's medical services. There is no testimony by Dr. Harmon concerning it. The only evidence is a statement introduced by appellant claiming that his sister owes him for services rendered their mother for which Dr. Harmon paid. The statement was admittedly never mailed to the plaintiff and she never saw it until the day of trial. There was no proof introduced by appellant that the services were in fact rendered or that Dr. Harmon had paid for them. We do not think appellant has sufficiently proved that he is entitled to any set-off for services rendered to the mother.
We note that the trial judge based his award of $1,770 on a loan amount of $2,350. From this loan amount he subtracted $250 for payments and $330 for *527 services rendered to Alma Harmon. The parties stipulated that loans totaling $2,300 (not $2,350), and payments totaling $350 (not $250), were made. This was obviously a clerical error which can be noticed and corrected by this court. La.C. C.P. art. 2164; Barranger, Barranger and Jones v. Farmer, 289 So.2d 295 (La.App. 1st Cir. 1973); Trahan v. Bearb, 138 So.2d 420 (La.App. 3rd Cir. 1962).
Accordingly, for the above reasons, the judgment of the trial court is amended to provide recovery for plaintiff in the amount of $1,620 with legal interest from date of judicial demand until paid, and as amended the judgment is affirmed at appellant's cost.
Amended and affirmed.