421 So.2d 379 (1982)
Pamela Teer DEBETAZ
v.
Larry Dean DEBETAZ.
Nos. 15111, 82 CA 0373.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
Donna W. Lee, Baton Rouge, for plaintiff.
Ron S. Macaluso, Hammond, for defendant.
Before EDWARDS, WATKINS and SHORTESS, JJ.
WATKINS, Judge.
These are consolidated appeals from successive judgments in the same proceeding ordering the husband, Larry Dean Debetaz, defendant in a prior separation judgment, to pay the wife, Pamela Teer Debetaz, arrearages cumulated by non-payment of alimony pendente lite and child support, and also casting the husband in contempt. We affirm the judgments in their monetary adjudications in part, with the modification indicated below, but reverse and set aside the contempt convictions.
*380 By judgment dated February 20, 1981, a separation from bed and board was decreed between Mr. and Mrs. Debetaz, and Mr. Debetaz was ordered to pay $600.00 per month for support of the parties' minor children and pay $200.00 per month alimony pendente lite.
Pursuant to a rule filed June 19, 1981, and tried on July 30, 1981, the trial court in written reasons for judgment dated July 31, 1981, announced it was prepared to reduce child support to $375.00 per month and alimony pendente lite to $125.00 per month beginning August 1, 1981, and directed that a judgment was to be prepared by either attorney and submitted within ten (10) days. No such judgment was ever submitted until finally a judgment was signed on December 2, 1981, giving effect to the July 31, 1981, reasons for judgment.
No alimony or child support payments were made by Mr. Debetaz for the months of August, September or October 1981.
Mrs. Debetaz filed a rule for contempt and arrearages on September 25, 1981. The paragraph in the petition in rule filed by Mrs. Debetaz that dealt with arrearages was the following:
"The defendant in rule, Larry Dean Debetaz, was ordered by this Court on July 31, 1981 to pay the sum of $500.00 per month as child support and alimony payable on the 1st and 15th days of each month beginning August 1, 1981. Since the rendition of that judgment the defendant has failed and refused to make payments of child support and alimony pendente lite to the plaintiff. He is presently in arrears in the sum of $1,000.00."
By judgment with reasons dated December 1, 1981, the trial court found Mr. Debetaz in arrears in child support and alimony in the sum of $2,400.00, ordered him to pay $800.00 attorney's fees, found him in contempt of court and ordered him to pay a fine of $500.00 and to be confined to jail for a period not to exceed six months or until the amount of the judgment was paid.
The judgment with reasons stated that the combined sum of alimony and child support remained at $800.00 per month, as the July 31, 1981, reasons for judgment had never been reduced to a formal judgment.
On December 2, 1981, as we have indicated, a judgment was signed based on the July 31, 1981 reasons for judgment, reducing combined child support and alimony, beginning December 1981, to $500.00 per month. Mr. Debetaz was also ordered to pay one-half the expenses of the birth of Mr. and Mrs. Debetaz's child, whose birth was expected shortly, the expenses to be paid within fifteen days of the presentation of a photocopy of expenses to Mr. Debetaz's attorney.
Thereafter, although the wife disputes the full sum, it appears that Mr. Debetaz paid the sum of $2,325.00 in continued alimony and child support for the months of November 1981, December 1981, January 1982, and February 1982, thus paying $25.00 more than was due, the husband being obligated to pay $800.00 a month for November and $500.00 a month for the remaining three months.
On December 22, 1981, the wife filed a separate rule for contempt and arrearages, seeking to have the husband held in contempt for alleged non-payment of November and December alimony and child support, which she alleged had not been paid, for which alleged non-payment she sought to have the husband again held in contempt. Also, she sought medical expenses. The paragraph alleging non-payment is as follows:
"Plaintiff alleges that no payment for November ($800.00) and December ($500.00) nor any payment for medical expenses ($2,085.50) for the children as a result of of (sic) defendant's failure to provide hospitalization and medical insurance to cover the children and Mrs. Debetaz, has been made. Defendant is in arrears in the total sum of $3,385.50 and plaintiff in rule asks that he be ordered to pay $3,385.50 and said amount be made executory."
The trial court in written reasons found that the husband was in arrears, and imputed the payments for November, December *381 and January in the sum of $1,825.00 to the prior arrearage of $2,400.00, stating that under law the payment must be imputed to the earlier obligation. Judgment was signed on March 23, 1982, giving effect to these reasons for judgment. Also, in the March 23, 1982, judgment, Mr. Debetaz was ordered to pay Mrs. Debetaz a sum representing the combined sums of (1) alleged arrearages and (2) the whole of the expenses connected with the birth of the child who had recently been born, the combined total being $4,605.71. Mr. Debetaz was found in contempt and ordered to pay a fine of $150.00 and to be incarcerated for six months, and Mr. Debetaz was ordered to pay additional attorney's fees of $800.00.
The appellant, Mr. Debetaz, filed an exception of no cause of action on appeal. We find this exception to have been properly filed, but to be devoid of merit.
First, we should note that the initial fine and both jail terms meted out for contempt were clearly excessive. For non-payment of alimony, the maximum term of imprisonment is 30 days and the maximum fine is $250.00. LSA-R.S. 13:4611(A)(4) Rosselli v. Rosselli, 352 So.2d 370 (La.App. 4th Cir.1977).
However, it further appears that the trial court was in error in holding the husband, Mr. Debetaz, in contempt at all. A contempt proceeding is a quasi-criminal proceeding in which the instances of non-compliance with the court's rulings must be correctly, precisely and explicitly set out, so that, to borrow the language of criminal law, the party cited for contempt may know the nature of the charges against him. Wall v. Wall, 225 So.2d 47 (La.App. 1st Cir.1969). In the present case, it is clear both rules for contempt were defective. The first, which culminated in the December 1, 1981, judgment, alleged that Mr. Debetaz had been ordered to pay $500.00 per month on July 31, 1981, and that he had become $1,000.00 in arrears. This assertion is imprecise as to the dates of non-payment, and, moreover, is founded upon the erroneous premise that the July 31, 1981, reasons for judgment constituted a formal judgment of court. They did not, as the trial court correctly stated in finding Mr. Debetaz to be in arrears, in judgment with reasons dated December 1, 1981. The judgment with reasons properly based arrearages and the contempt judgment upon the $800.00 per month February 1981 judgment because the July 31, 1981 reasons for judgment had never been reduced to judgment and were, thus, without formal effect. The petition in rule was founded upon the $500.00 per month sum, which had never been reduced to judgment. Thus, the petition in rule culminating in the December 1981 judgment was defective as it set forth the wrong amount. Mr. Debetaz was not precisely or correctly informed of the charges against him. He was, therefore, improperly held in contempt based upon an arrearage sum which differed from the sum set forth in the rule for contempt.
The petition in rule culminating in the March 23, 1982 judgment is in error. It recites that Mr. Debetaz has made no payment for November ($800.00) or December ($500.00) nor any payments for medical expenses ($2,085.50) and is thus in contempt. The sum relating to medical expenses was not precisely proven at trial on the rule in our opinion and thus was not a basis for holding Mr. Debetaz in contempt. Mr. Debetaz did make payments for November and December as was proven at trial on the rule (as well as for January and February the evidence reveals), but the trial court imputed the November, December, and January payments to the $2,400.00 prior arrearage (and found no payment had been made for February, with which holding we do not agree). Thus, the petition in rule was in error in stating no payment was made for November or December, and the contempt holding based upon this erroneous assertion must be reversed and set aside.
Clearly Mr. Debetaz is in arrears in the sum of $2,400.00 (the amount due for August, September and October 1981) plus $2,300.00 (the amount due for November, December 1981 and January and February 1982) less $2,325.00 (the amount paid). We find the evidence preponderates that a February *382 1982 payment was made, for Mr. Debetaz testified he paid the sum and payment was disputed only in argument of counsel. Whether the November, December, January and February payments are imputed against the sums due for August, September and October or whether the payments are imputed to the then current obligations for November, December, January and February makes no difference; the result is still the same. Mr. Debetaz is in arrears and he owes $2,375.00 in arrearages.[1]
Part of the medical expenses of giving birth to Mr. and Mrs. Debetaz's child, for which expenses the trial court rendered judgment, included an undifferentiated expense for a tubal ligation which surgical operation produces sterility. Clearly the expense of the tubal ligation is not any expense of childbirth. Furthermore, the trial court charged defendant, Mr. Debetaz, with the whole of the expense, when he was liable only for one-half the expenses of childbirth. The sum for the tubal ligation must not be included in the medical expenses attendant to the birth of the child, and the husband must pay only one-half the expenses of birth. The matter will be remanded to the trial court for a determination of the expenses of childbirth and the husband will be liable for one-half that amount.
Attorney's fees and costs shall be awarded in an action to make past due alimony and child support executory. LSA-R.S. 9:305. Mr. Debetaz challenges the award of $800.00 attorney's fees made in each of the two judgments appealed from. The trial court no doubt observed counsel for Mr. Debetaz in court and based its award upon the complexity of the matter, the degree of preparation required as well as time spent in court. Such a determination without proof of hours spent in working on the case is customary. Cf. Harris v. Bardwell, 373 So.2d 777 (La.App. 2d Cir.1979). We do not find any abuse of discretion on the part of the trial court in its award of attorney's fees for the two proceedings.
Accordingly, judgment is rendered setting aside the adjudications of Larry Dean Debetaz to be in contempt of court contained in the judgments dated December 1, 1981, and March 23, 1982, and setting aside the fines and jail sentences imposed under each adjudication.
It is further ordered, adjudged and decreed that Larry Dean Debetaz is in arrears in alimony and child support payments in the sum of $2,375.00 and that judgment for this sum be made executory with legal interest from March 23, 1982.
It is further ordered, adjudged and decreed that Larry Dean Debetaz pay the sum of $800.00 attorney's fees under the December 1, 1981 judgment, with legal interest from the date thereof, and the additional sum of $800.00 attorney's fees under the March 23, 1982 judgment with legal interest from the date thereof.
It is further ordered, adjudged and decreed that judgment for alimony and child support and medical expenses be reduced from the sum of $4,605.71, awarded under the March 23, 1982 judgment, to the sum of $2,375.00 as indicated above with the stipulation that medical expenses of childbirth, without consideration of the expenses of the tubal ligation, shall be proven on remand.
It is further ordered, adjudged and decreed that the matter be remanded for purposes of establishing one-half the medical expenses of giving birth to the child, less the expenses of the tubal ligation.
Costs shall be borne equally by appellant and appellee.
AMENDED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] On the question of imputation of payments, see LSA-C.C. art. 2166; Leach v. Leach, 238 So.2d 26 (La.App. 1st Cir. 1970).