*554 MOTION FOR REHEARING
The appellant alleges that the trial court erred in denying his “Motion for Rehearing.”
Plaintiff filed his motion for rehearing, in which he requested a new trial, approximately two weeks prior to the signing of the final judgment. At the hearing plaintiff sought to introduce additional evidence to show his current income and current expenses. The trial court denied plaintiffs request for a new trial, however, it allowed plaintiff to proffer the evidence.
Initially, we note that a motion for new trial filed prior to the signing of a final judgment is premature. Bordelon v. Dauzat, 389 So.2d 820 (La.App. 3 Cir.1980). However, it may be concluded that the subsequent signing of the judgment cured the prematurity. Compare Overmier v. Taylor, 475 So.2d 1094 (La.1985) (motion for appeal filed prior to signing of the judgment).
LSA-C.C.P. art. 1972 provides as follows: Art. 1972. Peremptory grounds
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.
“Due diligence” as set forth in LSA-C.C.P. art. 1972 does not require that a party do all that is possible to discover the evidence. It does require that a party do all that is reasonable to lead to the discovery of the evidence. Barker v. Rust Engineering Co., 428 So.2d 391 (La.1983).
Here, appellant makes no showing whatsoever that he could not have discovered the evidence prior to the hearing on alimony pendente lite. Accordingly, the trial court did not err in refusing to grant a new trial.
DEFAULT JUDGMENT
Appellant, in his brief, alleges that the trial court erred in failing to grant a preliminary default in this matter. Because there is no motion for preliminary default or anything at all relating to such a motion in the records before us, we are unable to consider appellant’s allegations of error regarding such motions.
CONTEMPT
From a reading of the record, it appears that the trial court erroneously found plaintiff in contempt of court for failure to pay alimony pendente lite.
The judgment which finds the plaintiff to be in contempt states:
IT IS ORDERED, ADJUDGED AND DECREED THAT Larry W. Schoenfeld is found to be in contempt of court for refusing to pay alimony pendente lite to his wife Cheryl Hope Schoenfeld as ordered by this Court on May 23, 1989;
However, the trial court’s judgment ordering plaintiff to pay alimony pendente lite was signed on June 12, 1988.
In a similar case, Debetaz v. Debetaz, 421 So.2d 379 (La.App. 1 Cir.1982). The trial court found the husband to be in contempt, saying that he had been ordered to pay alimony on July 31, 1981, which was the day the trial court rendered reasons for judgment, rather than on December 2, 1981, the date a final judgment was signed. In reversing the finding of contempt, the appellate court said:
A contempt proceeding is a quasi-criminal proceeding in which the instances of non-compliance with the court’s ruling must be correctly, precisely and explicitly set out, so that, to borrow the language of criminal law, the party cited for contempt may know the nature of the charges against him.
As the judgment in this case also does not contain the correct date of judgment, it, too, must be vacated.
For the above-discussed reasons, the judgments of June 12, 1989, awarding ali *555 mony pendente lite, and November 27, 1989, denying the petition for rehearing, are affirmed. The judgment of November 20, 1989, finding plaintiff to be in contempt of court is annulled and set aside. All costs are assessed against appellant.
ANNULLED AND SET ASIDE IN PART AND AFFIRMED IN PART.