GARRISON, Judge.
On May 22, 1989, plaintiff, Wayne D. Thomas, Sr., filed a personal injury suit in forma pauperis against defendants Charles C. Foti, Jr., Criminal Sheriff of Orleans Parish, and Lieutenant Short, Medical Administrator of the Orleans Parish Prison System. Plaintiff claims that he was in the custody of Sheriff Foti from 1978 to 1988 and that, during that time, Foti failed to exercise reasonable care in protecting the plaintiff from exposure to communicable diseases. According to plaintiff, defendant Foti’s negligence caused plaintiff to contract tuberculosis. In plaintiff’s petition, he also requested a jury trial.
On that same date, the plaintiff filed a petition against Sheriff Foti and two sheriff’s deputies asking to be reimbursed for two pair of pants allegedly confiscated from him by prison officials and not returned to him upon his request.
On October 25, 1989, the trial judge issued a jury trial bond order ordering plaintiff to post bond for jury costs which included ten dollars due within thirty days of the jury trial bond order and remaining costs to be paid on or before the date of trial. On that same date, the trial judge issued another order setting the trial date in this matter for March 20, 1990 and ordering that preliminary matters in this case be concluded by February 20, 1990. On February 22, 1990, defendant Foti filed a motion to strike the jury on the grounds that jury trials against political subdivisions of the State are prohibited by LSA-R.S. 13:5105.
At the bottom of defendant’s motion to strike the jury appears the following handwritten notation: “Moot. Plaintiff did not appear for trial. Case dismissed.” This notation is undated and unsigned. A copy of that pleading containing the above notation was sent to plaintiff by a member of the trial judge’s staff with a letter dated March 30, 1990.
Subsequently, plaintiff filed a motion to reinstate his case which was denied by the trial judge in a judgment dated April 11, 1990. Plaintiff now appeals the trial court judgment denying his motion to reinstate his case.
A review of the record in this case does not indicate any evidence regarding the dismissal of plaintiff’s case other than the above-mentioned undated and unsigned handwritten notation at the bottom of defendant Foti’s motion to strike the jury. The record does not contain any judgment or minute entry showing that plaintiff’s case was dismissed because he failed to appear for trial. Accordingly, due to the incomplete record in this case, the trial court judgment denying plaintiff’s motion to reinstate his case must be vacated and this case must be remanded for further proceedings.
JUDGMENT VACATED; CASE REMANDED.