649 So.2d 100 (1995)
Rodney DOLESE and Evelyn Dolese
v.
Robert G. HARVEY, and his Wife, Theresa C. Harvey.
No. 94-CA-1763.
Court of Appeal of Louisiana, Fourth Circuit.
January 19, 1995.
Rehearing Denied February 15, 1995.
Writ Denied April 28, 1995.
Larry M. Roedel, Roedel, Parsons, Hill & Koch, Baton Rouge, for plaintiffs/appellants.
*101 Scott W. McQuaig, Thomas Corrington, McQuaig & Solomon, Metairie, for defendants/appellees.
Before ARMSTRONG, WALTZER and LANDRIEU, JJ.
LANDRIEU, Judge.
Plaintiffs Rodney and Evelyn Dolese appeal from the dismissal of their suit against Robert and Theresa Harvey on an exception of prescription. We are asked to determine whether the Harveys renounced prescription on a money judgment by allegedly promising to fulfill their obligation under the prescribed judgment.
The Doleses filed suit against the Harveys on January 28, 1994. In their petition, the Doleses stated that they were awarded a money judgment of $21,200 plus interest and costs against the Harveys on July 23, 1981. Although the petition noted that the July 1981 judgment "may have prescribed in either its collection or ranking," it alleged that on November 16, 1992, Mr. Harvey entered a new agreement to pay the amount owed under the judgment. The petition further alleged that Mr. Harvey reneged on his promise to pay.
In support of their allegation that Mr. Harvey promised to fulfill the July 1981 judgment, the Doleses submitted the following certified letter, which their attorney mailed to the Harveys on December 8, 1993:
Our law firm represents Rodney and Evelyn Dolese. I am writing you concerning the Judgment dated July 23, 1981 (copy enclosed). According to our interest rate calculations, see Attachment "A", the total amount due and owing as of December 31, 1993 is $53,874.79.

Please contact this office immediately concerning arrangements for payment of this debt. If we do not hear from you by December 31, 1993, collection efforts will begin.
Arguing that the Doleses' petition was prescribed under La.Civ.Code Ann. art. 3501, the Harveys filed an exception of prescription.[1] Following a hearing, the exception was granted July 5, 1994, dismissing the Doleses' suit with prejudice. No reasons for judgment were assigned.
The Doleses brought this appeal, arguing (1) that their petition alleges a new contractural obligation which has not yet prescribed, and (2) that Mr. Harvey renounced prescription. We affirm.
La.Civ.Code Ann. art. 3501 (West 1994) provides that a money judgment is prescribed by the lapse of ten years from its signing if no appeal has been taken, or, if an appeal has been taken, it is prescribed by the lapse of ten years from the time the judgment becomes final. The Doleses were granted a money judgment in July 1981, but did not file this suit until January 1994. When a petition is prescribed on its face, the plaintiff bears the burden of showing that the claim has not prescribed. Wimberly v. Gatch, 93-2361 (La. 4/11/94), 635 So.2d 206, 211; Lima v. Schmidt, 595 So.2d 624, 628 (La.1992). The jurisprudence recognizes three theories upon which a plaintiff may rely to establish that prescription has not run: suspension, interruption, and renunciation. Id.
Although the Doleses concede that their 1981 money judgment is prescribed, they nonetheless argue that their January 1994 petition is not prescribed on its face because Mr. Harvey entered a new contract after the ten year prescriptive period. We disagree. The question of whether the Harveys made a new promise to pay their debt is inseparable from the question of whether they renounced prescription. As the Supreme Court stated in Lima, 595 So.2d at 631, "renunciation requires a new promise to pay the debt, as `[a] new obligation binding on the debtor is created when a promise to pay is made after prescription has accrued.'" *102 (quoting Bordelon's, Inc. v. Littell, 490 So.2d 779 (La.App. 3d Cir.1986) (emphasis added)). Similarly, in discussing renunciation in Queen v. W & W Clarklift, Inc., 537 So.2d 1214 (La.App. 4th Cir.1989), we stated that "[t]here must be a new promise made to pay the debt in order to nullify accrued prescription." Such a promise creates a new obligation. (emphasis added). The old debt is distinguished, but the natural obligation which remains supplies consideration for the new promise See also, La.Civ.Code Ann. art. 3449 (West 1994).
Prescription, once accrued, may be renounced but the intent to renounce must be clear, direct, and absolute, and manifested by words or actions of the party in whose favor prescription has run. Lima, 595 So.2d at 631. In the instant case, the record does not support a finding that the Harveys expressly or tacitly renounced prescription.
The Doleses argue that the facts set forth in their petition must be accepted as true for purposes of deciding the Harveys' exception of prescription. We disagree. As mentioned above, when the judgment relied on in the petition has prescribed on its face and an exception has been filed to plaintiff's petition, the plaintiff has the burden of showing that prescription has been interrupted, suspended, or renounced. Wimberly, 635 So.2d at 211; Lima, 595 So.2d at 628. A renunciation of prescription is subject to stringent proof requirements. Id. at 634. Because the Doleses' money judgment is prescribed, the Doleses cannot rely on the allegations of their petition, but must set forth evidence on the trial of the exception showing that the Harveys intended to renounce prescription. See, La.Code Civ.Proc.Ann. art. 931 (West 1984). The record contains no such proof. Even the letter relied upon by the Doleses in their petition evidences only a unilateral demand by the Doleses for compliance with the 1981 judgment. Accordingly, the trial court did not err in maintaining the Harveys' exception of prescription.
The Doleses additionally rely on Harmon v. Harmon, 308 So.2d 524 (La.App. 3d Cir. 1975), in support of their argument that the Harveys entered a new agreement. However, in Harmon, testimony was heard, and the trial court made a factual determination that the defendant promised to pay his entire debt, whereas the record in this case contains no evidence which would support a finding that the Harveys promised to pay their debt.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
WALTZER, Judge, dissenting with reasons.
I respectfully dissent.
Appellants appeal from the trial court's judgment granting an exception of prescription. For purposes of an exception, absent contrary evidence adduced at the exception hearing, the allegations of the petition must be accepted as true. Tranum v. Hebert, 581 So.2d 1023 (La.App. 1st Cir.1991), writ denied 20 Sept. 1991.
Plaintiffs allege in their petition that "Robert G. Harvey, for the defendants, did, on or about November 16, 1992, enter into a subsequent contract/agreement with Rodney Dolese, for the benefit of both plaintiffs, to repay the amount owed under the judgment mentioned above, based upon terms: $5,000 to be paid immediately, plus $200.00 per month until the principal was fully paid to plaintiffs."
The majority characterizes the contractual allegation as a claim that the Harveys renounced the prescription that had already accrued for their mutual benefit by the passage of more than ten years from the rendition of judgment against them. The petition, however, claims the existence of a new contract, the cause or consideration of which is the defendants' underlying natural obligation to pay the 1981 judgment. This seems to be precisely what this Court referred to in Queen v. W & W Clarklift, Inc., 537 So.2d 1214, 1216 (La.App. 4th Cir.1989): "There must be a new promise made to pay the debt in order to nullify accrued prescription. Such a promise creates a new obligation. The old debt is distinguished [sic], but the natural obligation which remains supplies consideration for the new promise." In that case, the Court refused to find a new promise, *103 set out in a settlement agreement, to pay the prescribed debt, because defendant was not aware that the debt had prescribed when he entered into the settlement contract. This is to be distinguished from the case at bar, wherein Mr. Harvey, an experienced attorney, can be presumed to have been aware that the judgment was prescribed when he entered into the new 1992 contract alleged in the petition.
This Court is asked to determine whether the petition alleges renunciation or a new contract. The principle governing that determination was set out in Foster v. Breaux, 263 La. 1112, 270 So.2d 526 (La.1972): prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished; thus, of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted. See also, Lima v. Schmidt, 595 So.2d 624, 629 (La.1992).
The only "evidence" tending to controvert the allegations of the petition is an affidavit by Mr. Harvey, NOT INTRODUCED IN THE TRIAL COURT but sought to be added to the record through annexation to the appellee's brief. An appellate court must render its judgment upon the record on appeal. La.C.C.P. art. 2164. That record cannot be opened on appeal for reception of new evidence. Tranum, supra at 1026; Davis v. Anderson, 451 So.2d 1302 (La.App. 1st Cir. 1984). An appellate brief and its exhibits are not part of the record on appeal, and this court has no authority to consider on appeal facts referred to in briefs, or in exhibits attached thereto, if those facts are not in the record on appeal. Tranum, supra at 1027. This shoddy attempt to provide evidence tending to negate the allegations of the petition should not be considered by this Court.
The majority opinion misapprehends the nature of the letter attached to the petition as Exhibit B, and notes: "Even the letter relied upon by the Doleses in their petition evidences only a unilateral demand by the Doleses for compliances with the 1981 judgment." A careful reading of the petition discloses that the contract alleged by the plaintiffs was entered into by Mr. Harvey on 16 November 1992. The allegation concerning the contract is found in Article 3 of the Petition. Article 4 alleges defendants' failure to perform under the terms of the contract of 16 November 1992. Article 5 avers amicable demand, citing the letter of 9 December 1993, which is the letter referred to in the majority opinion. Clearly, the letter was not offered as proof of the contract, but only as proof of the amicable demand alleged in the Article in which it is cited.
The petition alleges a contract to pay the prescribed debt. Plaintiffs should be allowed their day in court to prove that allegation. The judgment granting defendants' exception of prescription should be reversed, and the matter remanded for further proceedings in the trial court.
NOTES
[1] The Harveys' exception of prescription does not appear in the record. In their appellate brief, the Harveys attached an affidavit which was purportedly attached to their exception. Since the affidavit does not bear the stamp of the district court, and because affidavits are not competent evidence unless their use is specifically authorized by statute, we will not consider the affidavit in this opinion. See, Board of Com'rs v. Louisiana Com'n on Ethics, 416 So.2d 231, 238 (La.App. 1st Cir.), writ denied, 421 So.2d 248 (La.1982).