RCANNELLA, Judge.
Plaintiff, Frank W. Savoy, appeals from a judgment by the Office of Worker’s Compen *103 sation denying his motion to reinstate Ms claim against defendant, Ms employer, Port-serv Transportation Co., Inc. For- the reasons wMeh follow, we vacated the judgment and remand.
Plaintiff filed a worker’s compensation claim on April 17, 1990. Defendant’s compensation insurer took the position that plaintiff was not an employee of defendant. ■ Plaintiff also filed a tort action in district court arising out of the same accident. Defendant’s tort insurer took the position that plaintiff’s exclusive remedy was in worker’s compensation.
After the filing of both claims, plaintiff alleges that on August 22,1990, at a pre-trial status conference with defense counsel and the worker’s compensation hearing officer, Milton Osborn, it was agreed that the worker’s compensation claim be stayed pending the judicial determination of ^plaintiffs employment status in the tort case.
On June 4, 1993, plaintiff contends that the tort action was settled. In the Release and Indemmty Agreement, plaintiff expressly reserved Ms right to proceed in the worker’s compensation action.[1]
On July 11,1995, plaintiff filed a Motion to Set Status Conference in the worker’s compensation action. A status conference was held on August 1, 1995 whereupon plaintiff was informed that Ms worker’s compensation claim had been dismissed on August 22,1990.
Thereafter, on September 1, 1995, plaintiff filed a Motion to Reinstate Claim for Compensation. The motion was argued on December 8, 1995 before the hearing officer. He indicated that the prior record was necessary for full consideration, but that it was not available at the time and he took the matter under advisement. Thereafter, on the same date as the hearing, judgment was rendered, without reasons, denying plaintiffs motion to reinstate Ms claim, “for failure to show good cause.”
Rule 2139 of the Office of Worker’s Compensation provides for the dismissal, without prejudice, of claims for lack of prosecution for six months, with reinstatement upon a showing of good cause.
Plaintiff alleges, and his attorney asserted at the hearing on the motion to reinstate, that there was an agreement on August 22, 1990 between plaintiff, defense counsel and the hearing officer to stay the worker’s | compensation claim pending the outcome of the tort case. Defendant does not expressly rebut this assertion. The record is barren of any judgment dismissing plaintiffs claim or any evidence that plaintiff was notified of such a dismissal.
In Thomas v. Foti, 576 So.2d 562 (La.App. 4th Cir.1991) the court was faced with a similar factual situation, with insufficient record evidence of the dismissal of plaintiffs claim, and, upon finding the record insufficient to justify the demal of plaintiffs motion to reinstate Ms case, ordered the judgment denying the reinstatement vacated.
Similarly, there is nothing in tMs record indicating that plaintiffs case was properly dismissed by judgment and/or that plaintiff was notified of the dismissal. There is also nothing in the record before us to indicate that plaintiffs allegations and arguments in support of Ms motion to reinstate, i.e. that all parties and the hearing officer agreed at a status conference on August 22, 1990 to stay the compensation matter until finality of the tort case, are in any way erroneous. Therefore, we find no record support for the judgment denying plaintiffs motion to reinstate Ms claim.
Accordingly, due to the incomplete record and no written reasons for refusing to reinstate plaintiffs compensation claim, the worker’s compensation office judgment, denying plaintiffs motion to reinstate Ms case, is vacated and the case remanded for further proceedings.
*104 JUDGMENT VACATED; CASE REMANDED.

. Plaintiff has attached to his brief, as exhibits, the release and indemnity agreement evidencing the reservation of rights as well as discovery matters filed in the compensation matter by defendant, which indicate that defendant considered the compensation matter to be ongoing. However, exhibits attached to appellate briefs, which do not form part of the record, cannot be considered by this court on appeal. Dolese v. Harvey, 94-1763 (La.App. 4th Cir. 1/19/95), 649 So.2d 100, writ denied, 95-0702 (La. 4/28/95), 653 So.2d 597; Tranum v. Hebert, 581 So.2d 1023 (La.App. 1st Cir.1991), writ denied, 584 So.2d 1169 (La.1991).