[,WALTZER, J.
STATEMENT OF THE CASE
On 4 August 1998, General Financial Services, Inc. (GFS) filed suit against Barbara Crowthers Dean to revive a judgment of 11 January 1988 in the matter of “Federal Savings and Loan Insurance Corporation (FSLIC), as Receiver for New Orleans Federal Savings & Loan Association versus Barbara Crowthers Dean.” The instant suit sought payment of the original default judgment of 11 January 1988, which awarded $37,428.41, plus accrued interest, late charges and attorney’s fees. The outstanding amount, less credit for all sums received, at the time of filing was $105,893.82. According to the petition, Dean made payments on the judgment through 10 May 1990.
The trial court entered a preliminary default on 8 October 1998. On 19 March 1999, Dean filed an exception of prescription under La.C.C. art. 3501 and La.C.C.P. art. 2031.
The exception was tried on 23 April 1999. Counsel for Dean stipulated that the checks to be introduced by GFS were written by Dean and paid to the payee 12named on the checks for the purposes stated on the checks. The trial court received into evidence the following checks payable to FSLIC and drawn on Dean’s account:
# 479 dated 11 June 1988 for 0018002376 $200.
# 628 dated 21 October 1988 for [illegible] $200.
# 641 dated 10 November 1988 for [illegible] $200.
# 670 dated 31 December 1988 for [illegible] $200.
# 687 dated 23 January 1989 for # 6180002376 $200.
# 770 dated 4 April 1989 for 0018002376 and 18002376 $200.
# 812 dated 22 May 1989 for [illegible] $200.
# 593 dated 2 July 1989 for 0018002376 $200.
# 889 dated 5 October 1989 for 0018002376 $200.
# 1077 dated 10 May 1990 for [blank] $200.
In connection with the stipulated checks, GFS offered the testimony of its Vice President, Fadi Mashnouk. GFS, a purchaser of non-performing loans from the FDIC (FSLIC’s successor in the instant case) and private institutions, purchased Dean’s loan in 1995. Mashnouk supervised the loan records it received from FDIC. He testified that his records showed that FSLIC obtained judgment on the loan in January, 1988. According to his records, the stipulated checks were received after the date of the judgment, the last payment dated 10 May 1990. Mashnouk testified that all the correspondence from FDIC during the time Dean was making payments mentions the judg *571 ment and its date. He testified that the checks were among the records he received from FDIC. When GFS buys paper from the FDIC, it receives a payment history. On that history, payments are shown as they came in, which verifies the checks to their respective payments.
Dean did not appear or offer evidence at the trial of her exception. Following the hearing, the trial court rendered judgment on 23 April 1999 maintaining the exception of prescription and dismissing the proceedings. The [¡^judgment was amended on 26 April to correct the plaintiffs name. GFS appeals from the original and amended judgments. We affirm.
ASSIGNMENT OF ERROR: The trial court erred in maintaining Dean’s exception of prescription in view of uncon-tradicted testimony that she made payments on the Judgment as late as 10 May 1990.
When, as in the instant case, the plaintiffs petition on its face reveals that prescription has run, the burden is on the plaintiff to show why the claim has not prescribed. Lima v. Schmidt, 595 So.2d 624, 628 (La.1992). Prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished. Lima, supra 595 So.2d at 629.
The Louisiana Civil Code and the Code of Civil Procedure directly address the issue of prescription of a judgment. Money judgments of Louisiana trial courts are prescribed by the lapse of ten years from signing, absent appeal. Any party having an interest in a money judgment may have it revived before it prescribes as provided in La.C.C.P. art. 2031. The judgment so revived is subject to the prescription provided by La.C.C. art. 3501, and may be revived as often as desired by an interested party. La.C.C. art. 3501.
The earliest decisions interpreting La. C.C. art. 3547 (predecessor to La.C.C. 3501) held that an action to revive the judgment was the only way be which the accrual of prescription could be prevented. Bartley v. Succession of Bosworth, 21 La. Ann. 126 (La.1869); Wade v. Caspari, 24 La.Ann. 211 (La.1872); Succession of Hardy, 25 La.Ann. 489 (La.1873); Samory v. Montgomery, 27 La.Ann. 50, 1875 WL 7010, and Smith v. Palfrey, 28 La.Ann. 615 (La.1876). The issue became confused with Succession of Patrick, 30 La.Ann. 1071 (La.1878) and its progeny, which had been read as holding that prescription of a judgment is interrupted by all methods of interruption provided by law. See, Mulling v. Jones, 7 La.App. 184 (1927), affd, 164 La. 894, 114 So. 725 (1927); Norres v. Hayes, 42 La.Ann. 857, 8 So. 606 (La.1890); Calhoun v. Levy, 33 La.Ann. 1296 (La.1881). However, as early as 1925, the supreme court recognized the distinction between interruption of prescription of the judgment and interruption of prescription of the underlying debt.
In Bailey v. Louisiana & N.W.R. Co., 159 La. 576, 105 So. 626, 628 (1925), the court held:
A judgment for money does not create a debt; it only recognizes the obligation and makes it executory, [citations omitted]. A judgment debtor may take the debt itself out of prescription or prevent or interrupt the prescription by acknowledging or promising to pay the debt even though the judgment be allowed to prescribe. That is made plain by the law which excludes parol evidence for the purpose.
The court then said that Patrick, supra had been erroneously misconstrued to mean that the method provided in the Civil Code for revival of a judgment, or for preventing its being prescribed, is not the only method by which a judgment may be revived or by which prescription of the judgment may be prevented. A careful reading of Patrick, according to the supreme court, shows that the majority had in mind not the revival of the judgment, but the interruption of prescription of the 1 Rdebt evidenced by the judgment. Id. What was said in Calhoun, supra, with *572 regard to the Patrick doctrine was withdrawn when the court decided the case on rehearing. In State ex rel. Duchenne v. Board of Liquidation of City Debt, 51 La.Ann. 1142, 26 So. 55 (La.1899), the court construed the Patrick doctrine, as did the Bailey court, to mean that the Civil Code, in providing a means for reviving a judgment, did not exclude other means of interrupting prescription of a debt evidenced by a judgment. See Leach v. Leach, 238 So.2d 26 (La.App. 1 Cir.1970).
The distinction between prescription of a judgment and that of a debt was again noted in Fritz Jahncke, Inc. v. Fidelity Deposit Co. of Md., 172 La. 704, 709, 135 So. 32, 33 (1931), where the court held specifically that La.C.C. art. 3501’s predecessor (La.C.C. art. 3547) provides the only method by which a judgment creditor may prevent his judgment from prescribing or expiring, that is, by filing suit to revive at any time before the judgment has prescribed.
By 1944, the First Circuit was able to pronounce, “It is well settled in Louisiana that Article 3547 provides the only method by which a judgment creditor may prevent his judgment from prescribing or expiring, that is, by filing suit to revive at any time before it is prescribed.” Park v. Markley, 17 So.2d 459 (La.App. 1 Cir.1944). See also, Blanchard v. Smith, 45 So.2d 527 (La.App. 2 Cir.1950).
Any lingering doubt was put to rest by the supreme court in Cassiere v. Cuban Coffee Mills, 225 La. 1003, 74 So.2d 193 (1954). In that case, the court recognized that the distinction between judgment and debt may be more apparent |fithan real, since it is firmly established in Louisiana jurisprudence that a debt, having been reduced to judgment, is merged therein and that it no longer exists as a distinct obligation, having acquired the status of the thing adjudged. The court considered carefully the interpretation of La.C.C. art. 3547 suggested by Cassiere, and reaffirmed the principle that the article provides the only method by which the ten year prescription of a judgment may be prevented. The court recognized that this seems to render obsolete those provisions of the Code indicating that written evidence of an acknowledgment or promise to pay a judgment is admissible for the purpose of taking such judgment out of prescription or to revive it after it has run. However, if this were the concomitant result of the court’s erroneous interpretation in Bailey, decided in 1925, the Legislature had not seen fit in the intervening quarter century to modify the result.
No changes in the law as formerly set forth in La.C.C. art. 3547 resulted from the amendment of this article and the enactment of the Code of Civil Procedure. Revival of the judgment in an action instituted within 10 years of its rendition remains the exclusive method by which the running of prescription on a money judgment may be prevented. Bahan v. Youngstown Sheet & Tube Co., 191 So.2d 668, 670 (La.App. 2 Cir.1966). See also Seymour v. Jones, 93-658, p. 6 (La.App. 3 Cir. 2/2/94), 631 So.2d 666, 669, unit denied, 94-0529 (La.4/22/94), 637 So.2d 158. The procedural provisions of La.C.C. art. 3547 were transferred to La.C.C.P. 2031, and the Civil Code was amended to delete all procedural ^provisions and to reflect the change with respect to the date prescription on a judgment commences to run. Official Comment to La.C.C.P. art. 2031.
GFS relies on Dolese v. Harvey, 94-1763 (La.App. 4 Cir. 1/19/95), 649 So.2d 100, writ denied, 95-0702 (La.4/28/95), 653 So.2d 597, where a divided court held that the plaintiff creditor failed to prove the debtors’ intention to renounce the benefit of prescription. Defendants filed suit on 28 January 1994 seeking recovery of money due under a judgment rendered 23 July 1981. The petition acknowledged that the judgment “may have prescribed in either its collection or ranking,” and alleged that on 16 November 1992, Harvey entered into, a NEW agreement to pay the amount owed under the judgment and reneged on this new promise to pay. The Harveys *573 filed an exception of prescription under La.C.C. art. 3501 which the trial court granted without assignment of reasons for judgment. The Doleses appealed, arguing that the new agreement to pay had not prescribed and, alternatively, that Harvey renounced prescription. This Court ultimately ruled that the issues of whether the Harveys made a new promise to pay or renounced prescription were essentially inseparable, since renunciation requires a new promise to pay the debt. This Court held that “such a promise creates a new obligation. The old debt is distinguished [sic], but the natural obligation which remains supplies consideration for the new promise.” Dolese, supra, at p. 3, 649 So.2d at 102. GFS relies on the following language from the Dolese majority opinion:
La. Civ.Code Ann. art. 3501 (West 1994) provides that a money judgment is prescribed by the lapse of ten years from its signing if no appeal has been taken, or, if an | ¡¡appeal has been taken, it is prescribed by the lapse of ten years from the time the judgment becomes final. The Doleses were granted a money judgment in July 1981, but did not file this suit until January 1994. When a petition is prescribed on its face, the plaintiff bears the burden of showing that the claim has not prescribed. [citations omitted] The jurisprudence recognizes three theories upon which a plaintiff may rely to establish that prescription has not run: suspension, interruption, and renunciation.
The Court then discusses the “inseparable” issues of renunciation and existence of a new agreement to pay. The statement relied upon by GFS is mere dicta. This Court did not and could not overrule the clear statements of the Louisiana supreme court in Bailey and in Cassiere. Indeed, those cases were not mentioned in the opinion.
Under the facts of the instant case, the judgment was not revived in accordance with La.C.C. art. 3501 within ten years, of rendition. Therefore, the judgment has prescribed.
We do not find from the record that Dean’s checks constitute a new debt, or a new agreement to pay the judgment. While the factual dissimilarities between the Dolese case and the instant case prevent GFS’s cited language citing three theories establishing prescription has not run from being controlling, Dolese provides relevant comment concerning burden of proof. GFS suggests that Dean’s failure to appear and explain the checks she had drawn to FSLIC compels a presumption that the checks constitute a “new debt.” Dolese holds that prescription, once accrued, may be renounced but the intent to renounce must be clear, direct, and absolute, and manifested by words or actions of the party in whose favor prescription has run. When the judgment relied on in the petition has prescribed on its face and an exception has been filed to the petition, it is the |3plaintiff who has the burden of showing that prescription has been renounced. A renunciation of prescription is subject to stringent proof requirements. Dolese, supra at pp. 3-4, 649 So.2d at 102. In that case, as in the instant case, plaintiff did not offer such proof. Dean’s checks bore either illegible notations or a reference to the original loan number. We do not find any reference to the judgment or any indication that Dean was making a new agreement to pay the money she owed to FSLIC. GFS failed to allege in its petition or to produce evidence at the hearing on Dean’s exception that Dean entered into a new agreement to pay the money judgment it seeks to revive.
CONCLUSION AND DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of appeal are assessed against General Financial Services, Inc.
AFFIRMED.