I «WALTER J. ROTHSCHILD, Judge.
This is an appeal from a trial court judgment granting defendant’s exception of prescription. For the following reasons, we affirm.
On January 31, 2002. Susan Hunt filed the instant petition for damages against Samuel J. Ragusa, Jr. for redhibition of a home she purchased from defendant in 1992. In her petition, Hunt alleged that prior to her purchase of the home, defendant informed her that the house was on pilings and that she subsequently discovered that it was not. Plaintiff alleged that defendant knew or should have known that the house was not built on pilings and that he intentionally misrepresented this fact to her. Ragusa responded to the petition with an exception of vagueness or ambiguity, and plaintiff amended her petition to state that she attempted to sell the home to a third party in August of 2001, but was unable to do so because an inspection revealed the house was leaning because it was not built on pilings.
Thereafter, Ragusa brought an exception of prescription on the basis of La. C.C. art. 2534 which provides that in an *170 action for redhibition against a seller who did not know of the existence of the defect, the prescriptive | ¡¡period is one year. Plaintiff opposed this exception, and argued that the prescriptive period for an action in redhibition is ten years from the time of the act of sale as it is a personal action governed by La. C.C. art. 3499.
Following a hearing in which counsel for both parties argued the issue of prescription, the trial court took the matter under advisement. On February 10, 2003, the trial court rendered judgment granting defendant’s exception of prescription and dismissing plaintiffs petition. It is from this judgment that plaintiff now appeals.
By this appeal, Hunt contends that the trial court erred in granting the exception of prescription where no evidence was offered on the issue of Ragusa’s knowledge of the defect and Ragusa failed to meet his burden of proving the claim had prescribed. Further, Hunt contends that her petition is not prescribed on its face.
Louisiana’s prescriptive period for actions in redhibition are provided by Civil Code Articles 2534 and 2546.[1] La. C.C. art. 2534 provides in pertinent part:
“The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale. This limitation does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser.”
La. C.C. art. 2546 applies to the situation where the seller is in bad faith and provides:
“In this case, the action for redhibition may be commenced at any time, provided a year has not elapsed since the discovery of the vice. This discovery is not to be presumed; it must be proved by the seller.”
14According to these articles, the prescriptive period for plaintiffs claim against Ragusa is one year from the act of sale, or if Ragusa is found to be in bad faith, one year from the plaintiffs discovery of the defect. These prescription statutes are strictly construed against prescription in favor of the obligation sought to be extinguished by it. Bouterie v. Crane, 616 So.2d 657 (La.1993). Nevertheless, when a petition reveals on its face that prescription has run, the plaintiff has the burden of showing why the claim has not prescribed. Bouterie v. Crane, supra.
Thus, the first issue presented for our review is whether the petition has prescribed on its face. The sale of the property giving rise to plaintiffs cause of action in this case occurred in 1992. Plaintiffs petition asserting a cause of action in red-hibition was not filed until 2002 based on her allegations that she discovered the problem in 2001. Plaintiff further contends that based on her allegations that defendant was in bad faith, the petition has not prescribed on its face and defendant bore the burden of proving the claim had prescribed. However, based on applicable jurisprudence, we find no merit in this argument.
The Louisiana Supreme Court case of Gustin v. Shows, 377 So.2d 1325, 1329 (La.App. 1 Cir.1979) is instructive. In that case, the court found that a purchaser’s *171 action for redhibition prescribed on the face of the petition because a year passed between the date of the sale and the filing of the action. The court further held that plaintiffs had the burden of proving the defendant was in bad faith before the rules of La. C.C. art. 2546 apply. The holding in Gustin was followed in Insurance Storage Pool v. Parish National Bank, 97-2757 (La.App. 1 Cir. 5/14/99), 732 So.2d 815, 820, wherein the court stated, “plaintiffs cannot sit back and rely on the 1 ^allegations of their petition, but must set forth evidence on the trial of the exception showing that the [defendant] was in bad faith.” The First Circuit in that case concluded that plaintiffs failed to prove the applicability of La. C.C. art. 2546 by introducing evidence of bad faith, and that the prescriptive period is one year from the date of sale as set forth in La. C.C. art. 2534. See also, Dolese v. Harvey, 94-1763 (La.App. 4 Cir. 1/19/95), 649 So.2d 100, 102.
La. C.C.P. art. 931 provides that at the trial of an exception of prescription, evidence may be introduced to support or controvert the exception where the grounds are not contained in the petition. In the present case, plaintiff failed to introduce any evidence at the trial of the exception of prescription on the issue of defendant’s bad faith. Although plaintiff alleges in her petition that Ragusa informed her in writing that the house was built on pilings, she failed to submit any written evidence of such a statement. In fact, other than the allegations in plaintiffs petition which stated that she was informed by a third person that there were no pilings under the house, there was no evidence presented that the house was not built on pilings. Moreover, plaintiff failed to submit any evidence other than the allegations of her petition that Ragusa knew or should have known at the time of the sale to plaintiff that the house was not built on pilings.
Thus, the record fails to contain competent evidence sufficient to show whether the house sold to plaintiff was built on pilings or whether defendant misrepresented this fact when he sold her the house. Under these circumstances, plaintiff failed to prove the applicability of the bad faith provisions of La. C.C. art. 2546, and plaintiff does not have one year from the date of discovery of the alleged defect in which to file suit. Rather, the provisions of La. C.C. art. 2534 apply to this case, and plaintiffs action for | ^redhibition prescribed one year from the date of sale of the subject property. Accordingly, we find that the trial court did not err in granting Ragusa’s exception of prescription as to plaintiffs claim of redhibition.
For the reasons stated herein, the judgment of the trial court is affirmed. Plaintiff shall bear all costs of this appeal.

AFFIRMED.

DALEY, J., dissents with reasons.

. The civil code articles on redhibition were amended by 1993 La. Acts No. 841, Section 1, effective January 1, 1995. We note that none of the revisions in these articles affect the outcome of the present case.
However, since the effective date of the 1993 amendments is subsequent to the date of the sale of the property to plaintiff, all references to the law on redhibition in this opinion will be to the articles as they existed at the time of the sale which gave rise to plaintiff's cause of action. See, Insurance Storage Pool v. Parish National Bank, 97-2757 (La.App. 1 Cir. 5/14/99), 732 So.2d 815, 819.