437 So.2d 1201 (1983)
MASTER CREDIT PLAN, INC.
v.
Jo W. ANGELO, et al.
No. 5-247.
Court of Appeal of Louisiana, Fifth Circuit.
September 13, 1983.
Rehearing Denied October 17, 1983.[*]
Joseph V. Dirosa, Jr., New Orleans, for Jo W. Angelo, defendant-appellant. *1202 A.W. Wambsgans, Metairie, for William M. Justice, Jr., defendant-appellant.
George H. Jones, New Orleans, for Master Credit Plan, Inc., plaintiff-appellee.
Gerald A. Wasserman, Bach & Wasserman, New Orleans, for Sec. Homestead Assn., defendant-appellant.
BOUTALL, Judge.
Alleging improper cancellation of an inscription of a money judgment in the mortgage records of the Clerk of Court for the Parish of Jefferson, a judgment creditor brought mandamus proceedings against the Clerk and other interested parties to require the Clerk to reinscribe the judgment as of the date of cancellation. The court held that the cancellation was improper and ordered the judgment to be reinscribed. The Clerk and the judgment debtor appealed.
The underlying basis of this case is the period of time involved in the revival of a money judgment and the inscription and reinscription of that judgment. There is no issue of fact in this case but only the application of law to the undisputed facts. We set out the calendar of events.
Master Credit Plan, Inc., obtained a money judgment against Louis E. Angelo on December 17, 1970 and recorded the judgment on January 20, 1971. Nearly 10 years later, Master Credit Plan filed a petition to revive the judgment on November 14, 1980 and that matter was still pending at the time of trial of the mandamus proceeding, November 9, 1981. On December 18, 1980 the succession representative of the judgment debtor filed an affidavit for cancellation of the inscription of the judgment and the Clerk of Court and ex-Officio Recorder of Mortgages cancelled the inscription of the judgment. The next day on December 19, the succession representative, Jo W. Angelo, sold a piece of real estate belonging to the succession of the judgment debtor to defendants, Mr. and Mrs. Richard Meyer. Thereafter, on March 18, 1981 the judgment creditor filed this mandamus suit seeking to have the cancelled inscription reinscribed effective as of the date of cancellation, December 18, 1980.
From a perusal of the above calendar of events it is apparent that there are two basic questions, one dealing with the 10 year limitation of time for revival of money judgments and one dealing with the limitation of time for the reinscription of a money judgment in the mortgage records. It should be noted at the outset that there is a difference between the rights and conditions that flow from the acquisition of a money judgment as compared to the rights and conditions that flow from the inscription of that judgment. Although in general each requires action to keep it effective within 10 years there is a difference in the exact timing applicable to each, and it is decisive to this case that action was taken only in the matter of revival of judgment, not in the reinscription of the judicial mortgage. Accordingly, we shall discuss each separately.
REVIVAL OF JUDGMENT
Master Credit Plan obtained a money judgment on December 17, 1970 and filed a petition to revive that judgment on November 14, 1980. When a money judgment is not voluntarily paid by the judgment debtor, it is ordinarily collectible by a resort to the provisions of Code of Civil Procedure Book IV-Execution of Judgments, and especially Title 2, beginning at C.C.P. art. 2291 permitting execution of a judgment for the payment of money by a writ of fieri facias directing the seizure and sale of the property of a judgment debtor. Recognizing that some time limitation must be imposed on the possibility of such an occurrence, our legislature has provided in Louisiana Civil Code article 3547 the following limitation:
"Prescription and revival of money judgments.
"A money judgment rendered by a court of this state is prescribed by the lapse of ten years from its signing, if rendered by a trial court, or from its rendition if rendered by an appellate court.
* * * * * *

*1203 "Any party having an interest in a money judgment may have it revived before it prescribes, as provided in Article 2031 of the Code of Civil Procedure...."
Correspondingly Code of Civil Procedure article 2031 describes the procedure for revival of judgments as follows:
"Revival of judgments.
"A money judgment may be revived at any time before it prescribes by an interested party in an ordinary proceeding brought in the court in which the judgment was rendered.
"The judgment debtor shall be made a defendant in the proceeding to revive the judgment, unless he is dead, in which event his legal representative or legal successor shall be made a defendant.
"A judgment shall be rendered in such a proceeding reviving the original judgment, unless the defendant shows good cause why it should not be revived."
As the judgment is revived via an ordinary proceeding, it necessarily follows that the mere filing of a petition for revival before the 10 year period ends will interrupt prescription. In that same section of the Civil Code which provides for the prescription which operates a release from debt, appears article 3528, which provides that a discharge from the debt occurs by the "mere silence of the creditor during the time fixed by law from all actions, real or personal, which might be brought against him." Additionally, L.R.S. 9:5801 specifically provides that the filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon against all defendants.
Applying these principles of law, we have no hesitancy in holding that when Master Credit Plan filed its suit for revival on November 14, 1980, less than 10 years from the signing of the judgment, that prescription was interrupted pending the final resolution of the suit for revival. Dependent upon the resolution of that suit, the judgment creditor may still have a valid and enforceable judgment.
INSCRIPTION OF JUDGMENT
The resolution of whether or not the judgment can be successfully revived may pave the way to permit Master Credit Plan to successfully continue its suit along that line, however the mandamus judgment from which this appeal is taken is another matter. The fundamental question before us now is whether the inscription was subject to cancellation or whether it should be reinscribed as of that date. As noted above our law has provided some methods by which a judgment becomes enforceable and a money debt may be collected. In addition to the devices mentioned above, one of the benefits granted a judgment creditor is that in certain cases the judgment may also have the effect of a judicial mortgage. As defined in Civil Code article 3321 a judicial mortgage takes effect from the day the judgment is recorded, C.C. article 3322, and may be enforced against all of the immovables which the debtor actually owns or may subsequently acquire. C.C. article 3328. Such mortgages are allowed to prejudice third persons only when they have been publicly inscribed in the mortgage records. C.C. article 3342. The inscription only binds the property of the debtor when it has been made in the office of mortgages for the parish where the property lies. C.C. article 3346. And unless so recorded it cannot affect third parties. C.C. article 3347. The methods and procedures for recordation are set out in C.C. article 3348, providing that any entitled person must cause the evidence of the mortgage to be recorded in the mortgage book of the parish where the property is situated. It should be specially noted that according to article 3357 the recording of the instrument of mortgage "shall have the effect of preserving the mortgage or privilege, but they shall in no manner be evidence of the validity of the debt or claim, other than the law may award to acts of the kind when recorded." And finally, C.C. article 3366 provides that an authentic copy of the judgment is the document that should be recorded to obtain the inscription.
It is conceded that the original judgment was recorded on January 20, 1971 some *1204 time after the judgment date of December 17, 1970. As pointed out above the law is specific that the effectiveness of the inscription against the property of the judgment debtor or against third parties only begins from the date of inscription. However, the duration of the period is not measured from the date of inscription but from the date of the obligation. Civil Code article 3369 specifically provides in pertinent part:
"Reinscription of mortgages and privileges; duration of effect.
"In all cases where mortgages and privileges, heretofore or hereafter recorded, secure the payment of an indebtedness, the whole of which matures less than nine (9) years from the date of the obligation, the registry preserves the evidence of such mortgages and privileges during ten (10) years, reckoning from the date of the obligation.
* * * * * *
"The effect of the registry ceases in all cases, even against the contracting parties, if the inscriptions have not been renewed within the periods of time above provided in the manner in which they were first made. In all cases the reinscription of the mortgages and privileges shall preserve their effect for ten (10) years from the date of the timely renewal, as above provided."
The facts are clear that the judgment creditor did not attempt reinscription within ten (10) years of the date of the obligation. According to L.R.S. 9:5161 the Clerk was thus required to cancel the inscription not timely reinscribed. We quote:
"Cancellation for failure to reinscribe.
"On the simple written application of the property owner, creditor of the owner, or other party interested, the recorder of mortgages, or person acting as such, shall cancel in full from the records of his office all inscriptions of mortgages affecting the property which have not been reinscribed within the period of time specified by Civil Code Article 3369."
The judgment creditor nevertheless argues to us that the cancellation should be governed by the provisions of L.R.S. 9:5162 and points out that under that article cancellation may be had only when the encumbrance affecting the property shall have become unenforceable or shall have been prescribed or preempted or the effect of which shall have ceased because of lapse of time. They reason thus that the judgment was in the course of being revived and that it still had an enforceable effect and had not prescribed or been preempted. However, we point out again that there is a difference between the effect of a judgment and the effect of an inscription of a judgment as discussed above. And it is immaterial to the inscription that the original judgment may still have force and effect. The inscription must still be reinscribed in ten (10) years from the date of the obligation. Cancellation by the Clerk of Court was proper under the provisions of L.R.S. 9:5161 requiring cancellation of all inscriptions of mortgage which have not been reinscribed within the period of time specified by C.C. Article 3369. That section is operable simply by virtue of the failure to reinscribe timely, no matter that the original encumbrance may still be viable for its enforcement in other ways. We must follow the plain words of the language in these statutory requirements, especially in view of the fact that it is only by following the provisions for inscriptions that one obtains a judicial mortgage in the first place.
Having thus concluded that the Clerk properly cancelled the inscription of the judgment, it follows that we cannot consider that cancellation void and order the reinscription of it retroactive to its cancellation. Accordingly, we reverse the judgment appealed and there is now judgment in favor of William M. Justice, Jr., Clerk of Court and ex-Officio Recorder of Mortgages for the Parish of Jefferson, and Jo W. Angelo, Administratrix of the Estate of Louis E. Angelo, dismissing the petition for mandamus filed by Master Credit Plan, Inc., formerly Verret Credit Plan, Inc., at its cost.
REVERSED AND RENDERED.
NOTES
[*] Gaudin, J. was of the opinion to grant a rehearing.