631 So.2d 666 (1994)
Gaye Franks SEYMOUR and Lee Gordon Seymour, Plaintiffs-Appellees,
v.
Harold Roger JONES and Wanda Pearson Jones, Defendants-Appellants.
No. 93-658.
Court of Appeal of Louisiana, Third Circuit.
February 2, 1994.
*667 Timothy O'Dowd, Lake Charles, for Gaye Franks Seymour and Lee Gordon Seymour.
Randall Edmund Roach, Lake Charles, for Harold Roger Jones and Wanda Pearson Jones.
Before DOUCET and KNOLL, JJ., and CULPEPPER[*], J. Pro Tem.
DOUCET, Judge.
This is an appeal from a judgment granting the revival of a money judgment.
On June 8, 1979, G.F. Seymour and L.G. Seymour (the Seymours) obtained a money judgment against H.R. Jones and W.P. Jones (the Joneses). On May 24, 1989, the Seymours filed a petition seeking to revive the 1979 money judgment. On the same date, the Seymours filed a Notice of Lis Pendens in the mortgage records. Thereafter, on July 23, 1992, the Joneses filed a separate writ of mandamus seeking to direct the Clerk of Court to cancel the inscription of the original judgment. The Seymours moved to have the matter fixed for trial on August 31, 1992. The Joneses then filed a Peremptory Exception of No Cause of Action on September 17, 1992. A hearing on the exception was held on October 2, 1992. In a judgment entitled Written Reasons for Judgment issued October 12, 1992, the trial court overruled the exception. The Seymours' revival suit was consolidated for trial with the Joneses' suit seeking a writ of mandamus to compel the cancellation of a judicial mortgage created by the inscription of the 1979 money judgment.
The Joneses, prior to trial, filed a Peremptory Exception of Prescription on October 29, 1992. Following the November 3, 1992 trial on the merits, the court rendered judgment overruling the Joneses' exception of prescription and reviving the 1979 money judgment in favor of the Seymours. The trial court also rendered judgment granting the Joneses' application for a writ of mandamus and ordered cancellation of the inscription of the 1979 money judgment. The Joneses appeal.
The Joneses contend that LSA-R.S. 9:5502 establishes a three year limitation on the ability of a judgment creditor to have a money judgment revived. Thus, the issue presented for our review is whether the trial court erred in its interpretation of LSA-R.S. 9:5502. The trial court reasoned as follows on this issue:
In giving the reasons which follow, the court relies entirely upon the very sound analysis contained in the opinion of the Louisiana Court of Appeal, Fifth Circuit, in Master Credit Plan, Inc. v. Angelo, 437 So.2d 1201, (La.App. 5th Cir.1983), followed in Mouton v. Watson, 500 So.2d 792 (La.App. 1st Cir.1986). For the sake of brevity, the court will not quote at length from this case, but the reader is assured that every statement and conclusion given hereafter is fully supported by the decision.
There is a clear and fundamental distinction between the effect of a judgment and the effect of an inscription of a judgment. A money judgment evidences the debt to the creditor and may be enforced by execution in the manner provided by law. By operation of law, it operates as a judicial mortgage against the debtor's immovable property, taking effect from the day the judgment is recorded. Civil Code Articles 3321 and 3322. The inscription, or recording, of the mortgage is accomplished by presenting an authentic copy of it to the *668 registrar of mortgages. Civil Code Article 3366.
Pursuant to Article 3501 of the Civil Code, a money judgment prescribes within ten (10) years of its signing, unless it is revived pursuant to Article 2031 of the Louisiana Code of Civil Procedure.
The filing of a petition for revival interrupts the ten year prescriptive period until a resolution of the suit for revival, which the court acknowledged and held in Master Credit Plan, Inc. In that case, the clerk had cancelled the inscription of the original judgment pursuant to R.S. 9:5161, because it had not been reinscribed within the period of time specified by Civil Code Article 3369. The court found that provision controlling, no matter that the original judgment may still be viable for enforcement in other ways.
A close reading of R.S. 9:5502 makes it clear that the statute is directed at the continuing effect of the "inscription of a money judgment that has not been timely reinscribed" rather than the revival of the judgment itself.
It is not before the court on this exception, but it would appear that plaintiffs here, by not obtaining a judgment reviving the original money judgment within three (3) years of the date of filing the suit for revival as required by R.S. 9:5502(3), have not met the requirement for continuing effect of the original inscription of the judgment. However, that result is separate and apart from the status of the suit for revival of the judgment.
On appeal, the Joneses argue that the cases upon which the trial court relied have been legislatively overruled. The courts in Master Credit Plan, Inc. v. Angelo, 437 So.2d 1201 (La.App. 5 Cir.1983), and Mouton v. Watson, 500 So.2d 792 (La.App. 1 Cir.1986), relied on La.C.C. art. 3547 and LSA-R.S. 9:5801 to find that prescriptions on money judgments at issue were interrupted. These laws have been repealed. The Joneses contend this jurisprudence has been legislatively overruled by the subsequent enactment of La.C.C. art. 3501 and La.C.C.P. art. 2031. This contention is erroneous. The statutory notes in LSA-R.S. 9:5801 reveal that the statute was repealed because the substance of the statute was included in La.C.C. art. 3462. Further, the revision comments of La.C.C. art. 3462 explain that the article is based on LSA-R.S. 9:5801. While these cases do not interpret La.C.C. art. 3462, the law has not changed.
Alternatively, the Joneses, relying on Cassiere v. Cuban Coffee Mills, 225 La. 1003, 74 So.2d 193 (1954), argue that prior to the enactment of LSA-R.S. 9:5502, the law specifically required that a judgment reviving a money judgment must be rendered within ten years of the original rendition of that judgment. Thus they further aver that the timely filing of a suit to revive the judgment within the ten year period did not interrupt the ten year prescriptive period provided by La.C.C. art. 3501. It is their position that the only interpretation the statute can be given is that it extended for a three year period, the time within which a money judgment may be revived. Thus, they argue that because the Seymours' judgment of revival was not granted within this three year extension, the 1979 money judgment prescribed. The statute upon which the Joneses rely states the following:
R.S. 9:5502. Continuing effect of money judgment not timely reinscribed
Notwithstanding any provisions of Civil Code Articles 3369 or 3501 to the contrary, the inscription of a money judgment that has not been timely reinscribed within the appropriate prescriptive period shall continue in effect if all of the following conditions are met:
(1) The interested party files suit to revive such judgment prior to expiration of the appropriate prescriptive period, in accordance with the provisions of Code of Civil Procedure Article 2031.
(2) The interested party files notice of lis pendens in the mortgage records on the same day as the filing of suit for revival.
(3) A judgment reviving the original money judgment is rendered and recorded within three years of the date of filing the suit for revival of such judgment.
*669 The interpretation of the laws regulating prescription of money judgments advanced by the Joneses is erroneous.
Articles concerning prescription and revival of money judgments are, in pertinent part, as follows:
Art. 3501. Prescription and revival of money judgments
A money judgment rendered by a trial court of this state is prescribed by the lapse of ten years from its signing if no appeal has been taken, or, if an appeal has been taken, it is prescribed by the lapse of ten years from the time the judgment becomes final.
* * * * * *
Any party having an interest in a money judgment may have it revived before it prescribes, as provided in Article 2031 of the Code of Civil Procedure. A judgment so revived is subject to the prescription provided by the first paragraph of this Article. An interested party may have a money judgment rendered by a court of this state revived as often as he may desire.
Art. 2031. Revival of judgments
A money judgment may be revived at any time before it prescribes by an interested party in an ordinary proceeding brought in the court in which the judgment was rendered.
The judgment debtor shall be made a defendant in the proceeding to revive the judgment, unless he is dead, in which event his legal representative or legal successor shall be made a defendant.
A judgment shall be rendered in such a proceeding reviving the original judgment, unless the defendant shows good cause why it should not be revived.
Art. 3462. Interruption by filing of suit or by service of process
Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
The Seymours followed the requirements of La.C.C. art. 3501 and La.C.C.P. art. 2031 by instituting suit in ordinary proceedings before the ten year period lapsed. The Seymours filed suit to revive the June 8, 1979 money judgment on May 24, 1989. Thus, they successfully interrupted prescription under La.C.C. art. 3501 pursuant to La.C.C. art. 3462. Mouton v. Watson, supra. Therefore, we find the trial court correctly determined the Seymours' 1979 money judgment against the Joneses had not prescribed. Further, the trial court correctly determined LSA-R.S. 9:5502 does not apply. Costs of this appeal are assessed against the Joneses.
AFFIRMED.
NOTES
[*] Honorable William A. Culpepper participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.