| .MARION F. EDWARDS, Judge.
Appellant, Selina Brouillette, appeals a reduction of child support, made in favor of her children’s biological father, Terry Smith, Jr. For the following reasons, the trial court’s award of child support is vacated, we reverse the portion of the judgment that made the reduction retroactive to April 2, 2004, and we remand this matter to the trial court for further proceedings.
FACTS AND PROCEDURAL HISTORY
Appellee, Terry Smith, Jr., the biological father of minor children J. and J., filed a Motion For Reduction in Child Support on June 23, 2004 in Juvenile Court for the Parish of Jefferson. Following a hearing on June 23, 2004, the presiding hearing officer reduced Mr. Smith’s child support obligation from $1,328.49 per month to $344.76 per month, based upon Mr. Smith’s monthly gross income. Appellant, Selina Brouillette, invoked her right to a disagreement hearing following the Department of Social Service’s recommendation. On September 20, 2004, the parties appeared before a juvenile court judge, who, at the conclusion of the proceedings, *517 adopted the recommendations of the hearing officer.
Ms. Brouillette timely filed the present appeal.
| .LAW AND ANALYSIS
On appeal, Ms. Brouillette raises three assignments of error: 1) That the trial court erred in reducing Mr. Smith’s monthly child support obligation; 2) The trial court erred in deviating from the child support guidelines without issuing written or oral reasons, and; 3) The trial court erred in making the reduction retroactive to April 2, 2004.
A determination of an award of child support is made pursuant to LA R.S. 9:315.2, which states:
A. Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. Spouses of the parties shall also provide any relevant information with regard to the source of payments of household expenses upon request of the court or the opposing party, provided such request is filed in a reasonable time prior to the hearing. Failure to timely file the request shall not be grounds for a continuance. Suitable documentation of current 'earnings shall include but not be limited to pay stubs, employer statements, or receipts and expenses if self-employed. The documentation shall include a copy of the party’s most recent federal tax return. A copy of the statement and documentation shall be provided to the other party.
B. If a party is voluntarily unemployed or underemployed, his or her gross income shall be determined as set forth in R.S. 9:315.11.
C. The parties shall combine the amounts of their adjusted gross incomes. Each party shall then determine by percentage his or her .proportionate share of the combined amount.' The amount obtained for each party is his or her percentage share of the combined adjusted gross income.
D.The court shall determine the basic child support obligation amount from the schedule in R.S. 9:315.19 by using the combined adjusted gross income of the parties and the number of children involved in the proceeding, but in no event shall the amount of child support be less than the amount provided in R.S. 9:315.14.
|4E. After the basic child support obligation has been established, the total child support obligation shall be determined as hereinafter provided in this Part.
In the present case, the parties appeared before a hearing officer on August 20, 2004. The record reflects that the hearing officer considered Mr. Smith’s tax information and.2003 check stubs in calculating a figure of $348.76 for monthly child support, based upon a calculated adjusted gross income for Mr. Smith of $1296.00, minus $330.87 for “pre-existing child support,” for a total .of $965.13, and a combined monthly adjusted gross income of $4098.13 for both parties. In the disagreement hearing before the trial court on September 20, 2004, additional evidence was presented in the form of letters from Mr. Smith’s employer, 1099’s done on behalf of Mr. Smith’s employees or “helpers”, and other financial records.
At trial, the District Attorney’s office went on record as saying that it supported the change in child support based upon discovery and review of Mr. Smith’s available income tax records and previous employer’s payroll records. Ms. Brouillette stated that she disagreed with the recom *518 mendation of the hearing officer because she believed that there was a discrepancy between the amount shown on Mr. Smith’s tax return and the amounts reflected on his pay stubs.
Ms. Brouillette further contended that Mr. Smith never had an assistant working with him in his flooring business.
Under direct examination, Mr. Smith testified that, at the time of the hearing, he did not have an assistant working with him because he was unable to afford one. He testified that he had never filed a tax return before 2003. Mr. Smith stated that he incurred various expenses in the course of his work as a flooring installer, including transportation costs, all of which were reflected and detailed in his 2003 income tax return.
|fiEvidence introduced at trial included a letter from Paul Sita Co., Inc., dated July 1, 2004, that indicated Mr. Smith was a subcontractor with them on an “as needed” basis, and that the majority of Mr. Smith’s work with them over the previous nine months had been “small one man projects.” In another letter from Royerre Commercial Carpets, the project manager wrote that “Terry Smith pays the helpers out of the funds in which he has received from Royerre Carpets.” Mr. Smith’s Tax Return for 2003 showed an adjusted gross income of $9,659.00.
Mr. Smith testified that he had his seven year old son and six year old daughter, both of whom were on Medicaid, who resided with him at his parent’s home. Mr. Smith’s father, Terry Smith, Sr., verified that his son was living with him along with his two grandchildren. Other than her own testimony, Ms. Brouillette introduced no evidence at the hearing to controvert the documentation of Mr. Smith’s earnings.
If the trial court’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse.[1] Consequently, when there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous.[2] A trial court’s child support order will not be reversed except for abuse of discretion.[3]
On appeal, Ms. Brouillette argues that the trial court erred in adopting the DSS recommendation, where there was nothing to substantiate a deduction of $330.87 from Mr. Smith’s monthly gross income for preexisting child support. Ms. Brouillette further contends that in giving Mr. Smith credit for a non-existing child support obligation, the court erred in deviating from the child support guidelines without issuing written or oral reasons.
| eLSA-R.S. 9:315.1(B) provides:
B. The court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to the parties. The court shall give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines. The reasons shall be made part of the record of the proceedings.
*519 As adopted by the trial court, the DSS recommendation did, in fact, constitute a deviation from child support guidelines and would have required'oral or written reasons by the court pursuant to LSA-R.S. 9:315.1(B), including a finding as to the amount of support that would have 'been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines. However, this assignment is rendered moot by oúr next finding.
A court of appeal is a court of review. It is limited in its review to the evidence submitted and entered into the record at the trial court level.[4] ' Because we find that the record does not contain sufficient evidence for this Court to make a determination as to the proper amount of Mr. Smith’s child support obligation, we must vacate the judgment. Specifically, we find that the record does not contain adequate income verification for Mr. Smith as required by La.Rev.Stat. 9:315.2, nor is basis of the pre-existing child support deduction from Mr. Smith’s monthly gross income apparent. As noted by the Fourth Circuit in the case of Ventura v. Rubio,[5] “[documentation is essential in the setting of child support-” Accordingly, we remand to the trial court for the purpose of obtaining additional documentation under La.Rev.Stat. 9:315.2, and for rehearing.
|7In Ms. Brouillette’s remaining assignment of error, she asserts that the trial court erred in making the reduction retroactive to April 2, 2004. We agree.
LSA-R.S. 9:315.21 provides, in relevant part:
A. Except for good cause shown, a judgment awarding, modifying, or revoking an interim child support allowance shall be retroactive to. the date of judicial demand, but in no case prior to the date of judicial demand. [Emphasis added].
In the present case, Mr. Smith filed his Motion For Reduction in Child Support, which was coupled with a Motion To Enroll As counsel of Record, on June 23, 2004. The trial court, however, made the reduction retroactive to April 2, 2004.
Accordingly, we reverse this portion of the trial court’s judgment.
For the foregoing reasons, the judgment of the trial court awarding child support is vacated, we. reverse the portion of the judgment that made the reduction retroactive to April 2, 2004, and we remand this matter to the trial court for rehearing.

JUDGMENT VACATED; REVERSED IN PART; REMANDED.

. Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990).

. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 883 (La.1993).

. Hogan v. Hogan, 549 So.2d 267, 271 (La.1989).

. See, Arceneaux v. Arceneaux, 98-1178 (La.App. 4 Cir. 3/17/99), 733 So.2d 86, writ denied, 99-0518 (La.4/9/99), 740 So.2d 633, writ not considered, 99-1351 (La.6/25/99), 745 So.2d 624.

. 2000-0682, p. 8 (La.App. 4 Cir. 3/16/01), 785 So.2d 880, 888.