STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-970


SARAPHINE C. BRUNSTON, ET AL.

VERSUS

SHIRLEY K. HOOVER, ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 53,437, DIVISION A
HONORABLE ERIC ROGER HARRINGTON, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


ULYSSES GENE THIBODEAUX
CHIEF JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and
Billy Howard Ezell, Judges.


                                                        AFFIRMED.

        Otis Edwin Dunahoe, Jr.
        Dunahoe Law Firm
        P. O. Box 607
        Natchitoches, LA 71458-0607
        Telephone:  (318) 352-1999
        COUNSEL FOR:
                Plaintiffs/Appellants - Saraphine C. Brunston and Terry Brunston

        Marvin F. Gahagan
        Gahagan & Gahagan
        133 St. Denis Street
        Natchitoches, LA 71457
        Telephone:  (318) 352-2827
        COUNSEL FOR:
                Plaintiffs/Appellants - Saraphine C. Brunston and Terry Brunston

**Daniel T. Murchison, Sr.**
**Robert Charles Owsley**
**Murchison and Murchison, L.L.C.**
**P. O. Box 226**
**Natchitoches, LA 71458-0226**
**Telephone: (318) 352-2302**
**COUNSEL FOR:**
      **Defendants/Appellees - Shirley K. Hoover, Roy Hoover, Joyce Sapp,**
      **and Jordy Jefferson d/b/a Jefferson's Club**

THIBODEAUX, Chief Judge.

Plaintiff, Saraphine Brunston (Ms. Brunston), appeals the trial court judgment denying her petition to reinstate a money judgment awarded her on April 29, 1986, and denying the reinstatement of a garnishment judgment based on that money judgment. For the following reasons, we affirm the judgment of the trial court.

I.

## ISSUES

1. Did the trial court commit legal error by ruling that La.Civ.Code art. 3501 governs the reinstatement of the money judgment awarded to Ms. Brunston on April 29, 1986?

2. Does garnishment pursuant to a money judgment suffice to interrupt prescription such that the money judgment will not prescribe ten years from the date it was signed if no appeal has been taken?

II.

## FACTS

On February 25, 1984, Ms. Brunston was brutally stabbed by the Defendant/Appellee, Shirley Hoover (Ms. Hoover). Ms. Hoover and her husband, Calvin Ray Hoover, were driven to Ms. Brunston's home by Shirley Sapp. While Mr. Hoover kept Ms. Brunston's husband occupied, Ms. Hoover proceeded to savagely and repeatedly stab Ms. Brunston. Ms. Brunston suffered severe, life-threatening and long-term injuries as a result of this attack.

Criminal charges were pursued against all three co-defendants. Ms. Brunston also filed a civil lawsuit against them for damages related to the injuries she sustained. On April 29, 1986, a trial court awarded Ms. Brunston $231,294.60 in

damages against all three co-defendants *in solido.* Ms. Brunston then filed two petitions to garnish the wages of Ms. Hoover in order to satisfy the judgment. The second garnishment judgment, directed to the Louisiana Department of Transportation and Development (DOTD), Ms. Hoover's employer, was signed on July 14, 1988. Pursuant to that judgment, twenty-five percent of Ms. Hoover's wages were garnished to satisfy the April 29, 1986 judgment.

On September 9, 2005, Ms. Hoover filed an affidavit with the Natchitoches Parish Clerk of Court declaring that the underlying money judgment of April 29, 1986 had prescribed because Ms. Brunston failed to revive the judgment within ten years of the date it was signed. Ms. Hoover alleged that since the judgment had prescribed, the attending garnishment judgment was null and void. The affidavit requested that the Clerk of Court cancel the money judgment. Based on that affidavit requesting cancellation of the money judgment, the DOTD stopped garnishing Ms. Hoover's wages.

Ms. Brunston then filed a Rule to Show Cause with the trial court, arguing that the money judgment was still valid because the ongoing garnishment of Ms. Hoover's paycheck acted as an acknowledgment of the debt owed to Ms. Brunston by Ms. Hoover, and therefore interrupted the ten-year prescription period on the money judgment. Alternatively, Ms. Brunston asked that a new money judgment be entered against Ms. Hoover.

On January 7, 2006, the trial court rendered judgment against Ms. Brunston, stating that ongoing garnishment does not interrupt the ten-year prescriptive period applicable to money judgments. Therefore, the money judgment dated April 29, 1986 had prescribed. The trial court ordered the Clerk of Court to cancel both the money judgment and garnishment judgment. The trial court also

denied granting Ms. Brunston a new money judgment against Ms. Hoover. Ms. Brunston timely filed an appeal of the January 2006 trial court judgment.

III.

## LAW AND DISCUSSION

### Standard of Review

An appellate court cannot overturn the factual findings of a trial court unless the trial court committed manifest error, or unless the trial court made a legal error, such as applying the wrong statute or incorrectly applying an applicable statute.

> This state's appellate review standard, which is constitutionally based and jurisprudentially driven, is that a court of appeal may not overturn a judgment of a trial court absent an error of law or a factual finding which is manifestly erroneous or clearly wrong. Accordingly, appellate courts are charged with a duty to affirm the trial court's decision absent an error of law or a factual finding which is manifestly erroneous or clearly wrong.

*Stobart v. State through Dep't of Transp. and Dev.*, 617 So.2d 880, 882 (La.1992).

Therefore, this court will not overturn the findings of the trial court unless they were clearly wrong based on the evidence in the record, or an error of law was made. *Id*.

### Did the trial court commit legal error by ruling that La.Civ.Code art. 3501 governs the reinscription of the money judgment awarded to Ms. Brunston on April 29, 1986?

The trial court applied La.Civ.Code art. 3501 to the facts of this case. Ms. Brunston's attempt to convince this court that this case falls under La.Civ.Code art. 3336, governing the exclusive method to reactivate a judicial mortgage. However, it is clear that this case falls squarely under the requirements described in La.Civ.Code art. 3501, governing the prescription and revival of money judgments. Louisiana Civil Code Article 3501 provides, in pertinent part:

3

3501.  Prescription and revival of money judgments

A money judgment rendered by a trial court of this state is prescribed by the lapse of ten years from its signing if no appeal has been taken, or, if an appeal has been taken, it is prescribed by the lapse of ten years from the time the judgment becomes final.

. . . .

Any party having an interest in a money judgment may have it revived before it prescribes, as provided in Article 2031 of the Code of Civil Procedure.  A judgment so revived is subject to the prescription provided by the first paragraph of this Article.  An interested party may have a money judgment rendered by a court of this state revived as often as he may desire.

Louisiana Civil Code Article 3501 specifically refers to La.Code Civ.P. art. 2031 as the method to revive a money judgment.  The relevant section of that article states:

Art. 2031.  Revival of judgments

A.  A money judgment may be revived at any time before it prescribes by an interested party by the filing of an ex parte motion brought in the court and suit in which the judgment was rendered.  The filing of the motion to revive interrupts the prescriptive period applicable to the judgment.  The motion to revive judgment shall be accompanied by an affidavit of the holder and owner of the judgment, stating that the original judgment has not been satisfied.  A judgment shall thereupon be rendered reviving the original judgment.  No citation or service of process of the motion to revive shall be required.  The court may order the judgment debtor to pay additional court costs and reasonable attorney fees in connection with the judgment revival action.  Notice of signing of the judgment of revival shall be mailed by the clerk of court to the judgment debtor at his last known address as reflected in the suit record.

La.Code Civ.P. art. 2031.

Ms. Brunston was awarded a money judgment on April 29, 1986.  It was a judgment awarding Ms. Brunston a sum of money to compensate her for damages inflicted by Ms. Hoover.  Regardless of the fact that Ms. Brunston filed that judgment

4

in the mortgage records of the Clerk of Court for Natchitoches Parish, the judgment is still governed by the rules laid out in La.Civ.Code art. 3501, and the revival process explained in La.Code Civ.P. art. 2031. *Seymour v. Jones*, 93-658 (La.App. 3 Cir. 2/2/94), 631 So.2d 666, *writ denied*, 94-529 (La. 4/22/94), 637 So.2d 158.

Ms. Brunston was required by law to initiate a revival action pursuant to the procedures outlined in La.Code Civ.P. art. 2031 within ten years of the date of the signing of the money judgment. Those procedures are the exclusive method by which a money judgment may be revived and reinscribed for another ten years. "Revival of the judgment in an action instituted within 10 years of its rendition remains the exclusive method by which the running of prescription on a money judgment may be prevented. *Bahan v. Youngstown Sheet & Tube Co.*, 191 So.2d 668, 670 (La.App. 2 Cir.1966). See also *Seymour v. Jones*, 93-658, p. 6 (La.App. 3 Cir. 2/2/94), 631 So.2d 666, 669, *writ denied*, 94-0529 (La.4/22/94), 637 So.2d 158." *Gen. Fin. Servs., Inc. v. Dean*, 99-1798, p. 6 (La.App. 4 Cir. 12/15/99), 761 So.2d 569, 572. Ms. Brunston's failure to initiate a revival action within ten years of the signing of the money judgment has allowed that judgment to prescribe.

### *Does garnishment pursuant to a money judgment suffice to interrupt prescription such that the money judgment will not prescribe ten years from the date it was signed?*

Ms. Brunston argues that La.Civ.Code art. 3464 applies to the facts of this case, because acknowledgment of a debt owed by way of a money judgment will interrupt the ten-year prescriptive period on that judgment. "Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe." La.Civ.Code art. 3464. Ms. Brunston argues that the ongoing garnishment of Ms. Hoover's wages by Ms. Hoover's employer created an acknowledgment by Ms. Hoover of the debt owed to Ms. Brunston.

5

While La.Civ.Code art. 3464 does allow for interruption of prescription by acknowledgment, that acknowledgment must be by the debtor to the creditor. *Flowers v. U.S. Fidelity & Guaranty Co.*, 381 So.2d 378. A garnishment judgment is directed to the debtor's employer, not the debtor. It requires no acknowledgment of debt by the debtor. And, having twenty-five percent of one's salary taken by court order cannot be construed as voluntary.

We, therefore, agree with the trial court's conclusion that "an ongoing garnishment does not constitute an interruption of the ten year liberative prescription against the judgment debtor under Article 3464 of the Civil Code, because it is not a voluntary payment or acknowledgment by the debtor. A garnishment cannot be maintained to satisfy a prescribed judgment."

Additionally, a garnishment judgment is based on the underlying money judgment it seeks to satisfy. Indeed, the garnishment judgment in this case states that the garnishment it authorizes is, "to be credited against the judgment rendered in this cause in Plaintiff's favor on April 29, 1986; such withholdings to continue so long as she is employed by Garnishee and until said judgment forming the basis of this judgment has been fully paid,. . . ." By virtue of the plain language of the garnishment judgment, the garnishment was based on a prescribed money judgment. Therefore, it should be cancelled.

IV.

**CONCLUSION**

An unappealed money judgment prescribes within ten years of the date it is signed if it is not revived using the procedures described in La.Code Civ.P. art. 2031. Because Ms. Brunston did not revive the money judgment awarded to her and

6

signed on April 29, 1986, and more than ten years had passed since the signing of that judgment, it prescribed and was no longer a valid judgment.

The garnishment judgment based on that money judgment must be cancelled because the underlying foundation upon which the garnishment was based no longer exists. A garnishment does not equal a voluntary acknowledgment of the debt owed by the debtor, therefore, it cannot be the basis for interrupting prescription of the ten-year liberative prescription period for money judgments. The trial court judgment is affirmed, and all costs of this appeal are cast against Appellant, Ms. Brunston.

**AFFIRMED**.