GREG G. GUIDRY, Judge.
LThe Defendant, Roger Lehman, appeals from the juvenile court judgment, denying his exception of prescription and finding him in arrears for failure to pay child support as previously ordered by the court, in the amount of $12,374.17.[1] For the reasons which follow, we vacate the judgment and remand to the juvenile court for further proceedings.
According to the record and admissions, Lehman was ordered, on August 3, 1983, to pay child support for his then minor child in the amount of $250.00 per month. On May 11, 1989, the district court rendered a judgment making past due support executory in the amount of $18,000.00, covering past due child support from August 3, 1983, until March 3, 1989. On August 21, 1991, the minor child preached the age of majority. On April 4, 2001, an Ex-Parte Motion and Order to Transfer Case to Juvenile Court was signed. The motion was filed by the State of Louisiana Department of Social Services through the District Attorney for the Parish of Jefferson, alleging that support enforcement services were being furnished to Jessica *740 Tynes, the mother of the minor child of Lehman. Thereafter, on May 21, 2001, the state filed a Motion and Order for Contempt; to Make Arrears Executory; to Suspend Professional, Recreational, and Vehicular Licenses; and to Require Defendant to Post Bond. Following the filing of and rulings on exceptions, on November 30, 2001, a warrant was issued for Lehman for failure to appear. The record indicates no further proceedings until July 15, 2005, when the state filed a Rule to Show Cause requesting that Lehman show cause why his assets should not be seized in payment of his past due child support. On March 9, 2006, Lehman filed an exception of prescription and, on August 25, 2006, an amendment to the exception. On August 28, 2006, a Minute Entry — Judgment indicates that Lehman’s exception was denied, arrears were made executory in the amount of $12, 373.17, and other incidental orders were issued. It is from this judgment that Lehman appeals.
Lehman raises several issues on appeal. First, he argues that the juvenile court lacked subject matter jurisdiction to issue the August 28, 2006, judgment. In support of this argument, he contends that the district court had no right to transfer the case to juvenile court because, by the time of the transfer in 2001, his son had attained the age of majority in 1991, no further child support was due, and the matter was prescribed before it was transferred.
Lehman filed an exception of prescription. He contends that ten years passed between the May 1989 judgment, making arrears executory, and the 2001 motion filed herein. Additionally, he contends that over five years passed from the |4May 11, 1989, judgment until September 25, 1995, when, although not in the record, the state contends it filed a Rule for Contempt and Past Due Child Support. Moreover, there is nothing in the record, exhibits or testimony, evidencing any payments by Lehman that would have interrupted prescription from 1989 through 2000, or between rules allegedly filed by the state between September 21, 1990, and September 25, 1995, even if they were sufficient to interrupt prescription. Payments indicated by an attachment to the state’s brief which was not part of the record, and referred to by the juvenile court judge, were allegedly made through garnishment, which would not have interrupted prescription. See Brunston v. Hoover, 06-0970, p. 6 (La.App. 3rd Cir.12/6/06), 945 So.2d 852, 856.
Lehman also argues that the state has no right to bring the instant action for arrears. The state has not alleged that it is filing pursuant to application and request by the mother of the minor child. Further, the state concedes in its brief that “no funds [are] due to the State of Louisiana in this matter.”
Finally, Lehman argues that the judgment should be set aside because it was issued without any supporting proof. The minor’s mother, to whom the money would be due if owed, did not take part in the proceedings; she was not represented and did not testify regarding any child support payments or the lack thereof. There is nothing in the record or judgment that indicates how the awarded amount was calculated, despite a request for reasons. Further, and perhaps most persuasive, Lehman points out that the 1989 judgment covered arrears from August 3, 1983 through March 3, 1989. His son attained the age of majority on August 21, 1991. Thus, even if it were proven that he owed past due support for the 29 and one-half month period from March 3, 1989, until the date his minor child reached majority, August, 21, 1991, he would only owe approximately $7500.00 ($250.00 x 30). Ad *741 ditionally, if the amounts received through garnishment and payments are | ^deducted, he contends he would only owe approximately $3,073.77 for that time period and not $12,374.17 that was awarded herein.
A Court of Appeal is a court of record, which must limit its review to evidence in the record before it. La. C.C.P. art. 2164; Hover v. Farber, 05-613, p. 3 (La.App. 5th Cir.1/31/06), 922 So.2d 637, 638; Board of Directors of Industrial Development Bd. of City of New Orleans v. All Taxpayers, Property Owners, Citizens of New Orleans, 03-0826, p. 4 (La.App. 4th Cir.5/29/03), 848 So.2d 740, 744, writs denied, 03-1527, 03-1842 (La.10/1/03), 855 So.2d 287, 288. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Hover at 05-613, p. 4, 922 So.2d at 638. After the record has been transmitted to the appellate court, the record can be supplemented by stipulation of the parties, by the trial court, or by order of the appellate court, only if the evidence was properly filed into the record in the trial court.[2] La C.C.P. art. 2132; Id.; Nuccio v. Robert, 99-1327, p. 5 (La.App. 5th Cir.4/25/00), 761 So.2d 84, 87, writ denied, 00-1453 (La.6/30/00), 766 So.2d 544.
Upon review, we find the record before us so sparse, that it is impossible for this Court to resolve any of the legal issues raised on appeal except to find that the judgment is not supported by the record and it must, therefore, be vacated.
Upon motion of the district attorney, in cases receiving support enforcement services from the department, a support order payable to the department shall be transferred for subsequent enforcement and modification to the appropriate juvenile court within the parish wherein the support order was rendered or last registered. La. R.S. 46:236.2(A)(2). The 2001 motion to transfer filed in this case alleges that support enforcement services were being provided to the mother of 1 fiLehman’s minor child and that Lehman was ordered to make payments through the department. However, there is no record showing that the support order was not prescribed at that time. Thus, it is impossible for this Court to determine, on the record before us, whether the transfer was valid.
The record evidence on whether the right to enforce the child support award had prescribed is also deficient. A court judgment rendered in 1989 found Lehman in arrears, and, thereafter, there is no showing in the record of any further support payments until 2000. The state has attached to its appellate brief a “Member Payment History” purportedly for Lehman, but it is not certified and, although apparently relied on by the juvenile court judge, was not introduced into evidence or made part of the record in juvenile court. Since an attachment to a brief not admitted into evidence at trial may not be relied on by this Court on appeal, we find no record evidence of support payments that would support the juvenile court’s denial of Lehman’s prescription exception. Moreover, there is no indication on that document as to who made the payments or how they were made. Reference was made at the hearing that they were made pursuant to garnishment. Payment of a debt interrupts prescription because it is deemed an acknowledgement of the debt. Where the *742 debtor is not the one making the payment, no such acknowledgement takes place. Brunston v. Hoover, 06-0970, p. 6 (La.App. 3rd Cir.12/6/06), 945 So.2d 852, 856.
Finally, the record is void of any evidence of the amount of arrears that would be owed if not prescribed. The record indicates that a support judgment was entered against Lehman in 1983 ordering him to pay child support in the amount of $250.00 per month. It is also admitted that a judgment of arrears was entered in May 1989 in the amount of $18,000.00, covering the time period from August 3, 1983 through March 3, 1989. Thus, based on the record before us, it appears |7impossible for Lehman to owe the amount awarded, $12,373.17, for the 30 month period from the last judgment making arrears executory in March 1989 until the minor reached majority in August 1991. Since the judgment is not supported by the record it must be vacated.
Accordingly, the judgment denying Lehman’s exception of prescription and making arrears executory in the amount of $12,374.17, with all incidental orders thereto, is vacated and the matter is remanded to juvenile court for further proceedings consistent with the view expressed herein.

JUDGMENT VACATED; CASE REMANDED.

ORDER

REHEARING GRANTED FOR THE LIMITED PURPOSE OF CLARIFICATION:

|sUpon request by the State in its rehearing application, we recall our citation with approval of the case, Brunston v. Hoover, 06-0970 (La.App. 3rd Cir. 12/6/06), 945 So.2d 852, (holding that payment by garnishment is not deemed an acknowl-edgement of the debt), insofar as we found it applicable to assignments mandated for child support. We prefer to defer consideration of that issue to a future case where it is squarely presented and dispositive. Consequently, we grant the rehearing for the limited purpose of removing that reference from our original opinion. In all other respects, we deny the rehearing.

. The judgment also ordered Lehman, in the interim, to pay $150.00 per month towards the arrears, to bring in proof that he is employed, and appear for a hearing on September 29, 2006, to determine a payment schedule for the arrears. Because we vacate the judgment making the arrears executory in the amount of $12,374.17, these incidental orders become moot.

. The state filed a motion to supplement the record in this Court with attached documents purporting to be from the record in a related matter from the Twenty Fourth Judicial District Court. However, the exhibits sought to be added were not stipulated to by both parties, sent from the trial court or filed into the record in the trial court. See also La. R.S. 13:3723. Accordingly, the motion was denied.