FREDERICKA HOMBERG WICKER, Judge.
|2The defendant, Christopher George Haines, appeals from the September 13, 2010 juvenile court judgment that ordered Mr. Haines to pay monthly child support (and court costs) in the amount of $850 per month retroactive to the filing date of October 21, 2009; arrearages made executory in the amount of $8910; and, an extra $100 per month towards the arrearages until paid in full. Mr. Haines appeals, assigning as errors the juvenile court judge’s finding that his income was $70,000 per year, imputing income to him based on the Louisiana wage survey, denying his request for childcare costs; and, failing to give him credit against the child support arrearage from the date of judicial demand. For the reasons that follow, we vacate the judgment and remand to the juvenile court for further proceedings.
Upon review, we find the record before us is devoid of any evidence to support the judgment. It is impossible for this Court to determine,' on the record before us, any of the issues raised on appeal. Compare, State of Louisiana, Department of Social Services and Jessica Rareshide v. Lehman, 06-922 (La.App. 5 Cir. 4/11/07), 955 So.2d 738.
A determination of a child support award is made pursuant to La.R.S. 9:315.2. La.R.S. 9:315.2(A) pertinently provides that “[ejach party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings.” None of these required documents were introduced at the September 13,. 2010 disagreement hearing that was held by the juvenile court judge. Furthermore, La.R.S. 9:315.2 provides the means for calculating the child support award. La.R.S. 9:315.2(D) provides: “The court shall determine the basic child support obligation amount from the schedule in R.S. 9:315.19 by using the combined adjusted gross income of the parties and the number of children involved in the proceeding, but in no event shall the amount of child support be less than the amount provided in R.S. 9:315.14.” Without the required documentation, this Court cannot determine whether the trial judge erred in calculating the child support award.
In addition, although the trial court found Mr. Haines to be in arrears and made the arrearage amount executory, again, the record contains no evidence to support that arrearage.
*517 A court of appeal is a Court of review. It is limited in its review to the evidence submitted and entered into the record at the trial court level. State of Louisiana Department of Social Services in the interest of J.S., 05-1, p. 6 (La.App. 5 Cir. 4/26/05), 902 So.2d 516, 519.
|4Because we find that the record does not contain sufficient evidence for this Court to make a determination as to the proper amount of Mr. Haines’s child support obligation or the amount of arrearag-es, we must vacate the judgment. Importantly, the trial judge, on remand, should follow the dictates of La.R.S. 9:315.2 et seq. after the parties have submitted the requisite documentation.
Accordingly, the September 13, 2010 judgment is vacated and the matter is remanded to juvenile court for further proceedings consistent with the views expressed herein.

JUDGMENT VACATED; CASE REMANDED.