# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 21-572


**JORDAN COLLINS, SR.**

**VERSUS**

**ALBERTINA COLLINS**


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 109656
HONORABLE CURTIS SIGUR, DISTRICT JUDGE

**********

## SHANNON J. GREMILLION
## JUDGE

**********

Court composed of Sylvia R. Cooks, Chief Judge, Shannon J. Gremillion, and D. Kent Savoie, Judges.


**REVERSED.**

**William A. Repaske**
**Landry, Watkins, Repaske & Breaux**
**P.O. Drawer 12040**
**New Iberia, LA 70562-2040**
**(337) 364-7626**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Albertina Collins**

**Lucretia P. Pecantte**
**Attorney at Law**
**124 West Washington Street, Suite B**
**P.O. Box 9010**
**New Iberia, LA 70562-9010**
**(337) 374-1202**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Jordan Collins, Sr.**

**GREMILLION, Judge.**

The appellant, Jordan Collins, Sr., appeals the trial court's judgment denying his rule to show cause relating to the execution of a garnishment of his wages for past due sums owed to the appellee, Albertina Collins. For the following reasons, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

Jordan and Albertina were divorced on February 4, 2009. On December 9, 2009, the parties entered into a consent judgment stipulating that the partition of their community property would be implemented pursuant to their joint stipulation. The joint stipulation set forth that Jordan would pay "[o]ne equalizing payment of twenty-six thousand and 00/100 ($26,000) dollars, payable in full by March 8, 2010 at 12:00 noon." The stipulation further provided that "the obligor of the equalizing payment shall pay a stipulated *per diem* penalty of $50.00 for each and every day following the deadline, *regardless of the amount remaining to be paid*."

In May 2010, Jordan filed a motion for modification of judgment urging that he was unable to pay the equalizing payment because he could not refinance the immovable property due to his credit score and the valuation of the property value was less than the appraisal.

In June 2010, Albertina filed a motion and order to enforce community property settlement agreement and for contempt claiming that Jordan had not met the March 8, 2010 deadline and should be assessed the per diem penalty of $50.00 per day, which at that time equaled penalties of $5,450.00. Following a July 16, 2010 hearing, the trial court denied Jordan's motion for modification and found him in contempt for failing to pay the $26,000.00 owed Albertina along with the $50.00 per day per diem. Both amounts were made executory, and the judgment was signed on October 10, 2012, and filed on October 12, 2012.

On November 26, 2012, Albertina filed a petition to make judgment executory and for garnishment relating to the October 12, 2012 judgment. On November 27, the trial court ordered the garnishment of Jordan's wages to meet the obligations of the October 10, 2012 judgment. A garnishment judgment was rendered on February 1, 2013.

On February 4, 2021, Jordan filed a rule to show cause urging that his garnishment would be paid in full by February 28, 2021, and seeking to have it terminated. In the attached memorandum, Jordan claimed that the total amount garnished was $81,468.97, an amount exceeding the amount due and further arguing that the 2009 judgment was prescribed pursuant to La.Civ.Code art. 3357 and had not been reinscribed pursuant to La.Code Civ.P. art. 2031.

Albertina filed a supplemental memorandum and memorandum in opposition urging that Jordan failed to plead prescription in his rule to show cause, and the October 2012 judgment and February 1, 2013 garnishment were not prescribed.

Following an April 2021 hearing, the trial court ruled as follows:

> This Court finds that the December 9, 2009 Consent Judgment and Joint Stipulation to Judicially Partition Community and Consent Judgment Approving & Homologating Same are not subject to the requirement of reinscription or revival; nor is it subject to prescription and is still enforceable. This Court also finds that the Judgment of October 10, 2012 and February 1, 2013 are still in effect and enforceable.

> The Garnishment Judgment continues because MOVER, JORDAN B. COLLINS, SR. still owes the $50.00 per day penalties and interest. Thus, the garnishment has not been fully repaid. The equalizing payment and the $50.00/day penalty and interest does not prescribe because it is part of the judicial partition agreement. Therefore, MOVER'S Rule to Show Cause to terminate garnishment is DENIED.

A judgment memorializing such was signed on May 26, 2021. Jordan now appeals and assigns as error:

1. The trial court erred by denying appellant's Rule to Show Cause to terminate the garnishment.

2. The trial court erred by finding that the December 9, 2009 Joint Stipulation to Judicially Partition Community and Consent Judgment Approving & Homologating Same was not subject to the requirement of re-inscription or revival; nor was it subject to prescription and is enforceable.

## DISCUSSION

A trial court's factual findings are reviewed under the manifest error standard and will not be overturned unless the trial court committed legal error in the application of statutory law. *Stobart v. State through Dep't of Transp. And Dev.*, 617 So.2d 880 (La.1993). Louisiana Civil Code Article 3357 provides that "[e]xcept as otherwise expressly provided by law, the effect of recordation of an instrument creating a mortgage or pledge or evidencing a privilege ceases ten years after the date of the instrument."

Louisiana Civil Code Article 3501 provides in part:

> A money judgment rendered by a trial court of this state is prescribed by the lapse of ten years from its signing if no appeal has been taken, or, if an appeal has been taken, it is prescribed by the lapse of ten years from the time the judgment becomes final.
>
> . . . .
>
> Any party having an interest in a money judgment may have it revived before it prescribes, as provided in Article 2031 of the Code of Civil Procedure. A judgment so revived is subject to the prescription provided by the first paragraph of this Article. An interested party may have a money judgment rendered by a court of this state revived as often as he may desire.

Finally, La.Code Civ.P. art. 2031 addresses revival of judgments:

> A. A money judgment may be revived at any time before it prescribes by an interested party by the filing of an ex parte motion brought in the court and suit in which the judgment was rendered. The filing of the motion to revive interrupts the prescriptive period applicable to the judgment. The motion to revive judgment shall be accompanied by an affidavit of the holder and owner of the judgment, stating that the original judgment has not been satisfied. A judgment shall thereupon be rendered reviving the original judgment. No citation

3

or service of process of the motion to revive shall be required. The court may order the judgment debtor to pay additional court costs and reasonable attorney fees in connection with the judgment revival action. Notice of signing of the judgment of revival shall be mailed by the clerk of court to the judgment debtor at his last known address as reflected in the suit record.

B. At any time after the signing of the judgment of revival, the judgment debtor may, by contradictory motion, have the judgment of revival annulled, upon showing that the judgment which has been revived was in fact satisfied prior to the signing of the judgment of revival. If the judgment debtor proves that the judgment has been satisfied prior to the filing of the motion to revive the judgment, the holder or owner of the judgment shall pay all court costs, fees, and attorney fees incurred by the judgment debtor in opposing the ex parte order of revival and the cancellation of the judgment from the mortgage records.

### Prescription/Revival[1]

The trial court found the 2009 consent judgment was not subject to prescription or revival. We disagree. There are very limited actions that do not prescribe, such as an action for partition. La.Civ.Code art. 817. Although there is some disagreement as to what type of action a consent judgment with an equalizing payment is, i.e., a money judgment or a personal action, the distinction is immaterial for our purposes as both are subject to a prescriptive period of ten years. *See* La.Civ.Code arts. 3499 & 3501. A consent agreement partitioning property is subject to a ten-year prescriptive period. *Huckabay v. Huckabay*, 485 So.2d 165 (La.App. 2 Cir. 1986). On its face, the consent agreement of 2009 prescribed in 2019. Thus, the obligations created by the judgment in favor of Albertina prescribed in 2019 unless the judgment was revived or prescription was otherwise interrupted.

---

[1] We note that Jordan did not file a peremptory exception of prescription. However, he did file a rule to show cause why the garnishment should not be cancelled because it had been satisfied. In the accompanying memorandum he stated that the 2009 judgment was prescribed as it had not been revived or reinscribed. Because the issues of revival versus the alleged "new obligations" created by subsequent judgments are intertwined, we choose to address the issue of prescription as the natural consequence of the failure to revive the money judgment.

4

Albertina sets forth no claims that prescription was interrupted. Instead, she argues that the 2012 contempt judgment and 2013 garnishment judgment stand separate and apart from the 2009 judgment and create "new obligations" which have not been satisfied. We disagree.

It is indisputable that but for the 2009 consent judgment, there would have been no reason to file the contempt and garnishment motions. We have noted the indistinguishability of a garnishment judgment from the original judgment from whence it was created. In *Brunston v. Hoover*, 06-970 (La.App. 3 Cir. 12/6/06), 945 So.2d 852, Brunston obtained a money judgment on April 29, 1986. Garnishment of Hoover's wages began on July 14, 1988. On September 9, 2005, Hoover filed an affidavit declaring that the money judgment of April 1986 had prescribed, and the garnishment judgment was therefore null and void. Brunston argued that the ongoing garnishment served as an acknowledgment of the debt that interrupted prescription. The trial court cancelled the garnishment and a panel of this court affirmed on appeal. We noted that the only method to prevent the tolling of prescription for a money judgment is revival and reinscription in accordance with La.Code Civ.P. art. 2031. In further addressing whether the garnishment interrupted prescription, we stated:

> While La.Civ.Code art. 3464 does allow for interruption of prescription by acknowledgment, that acknowledgment must be by the debtor to the creditor. *Flowers v. U.S. Fidelity & Guaranty Co.*, 381 So.2d 378. A garnishment judgment is directed to the debtor's employer, not the debtor. It requires no acknowledgement of debt by the debtor. And, having twenty-five percent of one's salary taken by court order cannot be construed as voluntary.

> We, therefore, agree with the trial court's conclusion that "an ongoing garnishment does not constitute an interruption of the ten year liberative prescription against the judgment debtor under Article 3464 of the Civil Code, because it is not a voluntary payment or acknowledgment by the debtor. A garnishment cannot be maintained to satisfy a prescribed judgment."

Additionally, a garnishment judgment is based on the underlying money judgment it seeks to satisfy.

*Id*. at 856.

Accordingly, we find the trial court erred in finding that the 2009 consent judgment was not subject to revival in order to prevent the tolling of prescription. Because Albertina did not take any action to revive it, the 2009 consent judgment is prescribed.

*Garnishment*

Jordan argues that the garnishment has been satisfied. Because we have found the 2009 consent judgment is prescribed, the garnishment is cancelled, and this assignment is rendered moot.

**CONCLUSION**

The judgment of the trial court in favor of the defendant-appellee, Albertina Collins, is reversed. The garnishment judgment against the plaintiff-appellant, Jordan Collins, Sr. is cancelled as it is based upon a prescribed consent judgment. All costs of this appeal are assessed against Albertina Collins.

**REVERSED**.